CASE 20—PETITION ORDINARY—OCTOBER 13.

# Louisville & Nashville Railroad Co. v. Commonwealth.

APPEAL FROM GREEN CIRCUIT COURT.

1. SABBATH-BREAKING—WORK OF NECESSITY.—The making by a railroad company of the ordinary repairs of its track is not a work of necessity, within the meaning of section 10, article 17, chapter 29, General Statutes, which provides that no work shall be done on the Sabbath-day "except the ordinary household offices or other work of necessity or charity." Where, however, any part of a railroad track is suddenly rendered unsafe on the Sabbath-day, and delay might endanger the safety of passengers or freight, the company may repair the track without violating the statute.

2. PLEADING—ALLEGATION OF TIME.—In a penal action against one for violating the Sabbath, it is sufficient to allege in the petition that the acts complained of were done on the Sabbath-day, without stating the day of the month, such an allegation being an allegation of fact, and not a mere conclusion of the pleader.

3. SAME—CONCLUSION OF LAW.—In such action an allegation in the petition that a certain work "was not a work of necessity or charity," is an allegation of fact and not a mere conclusion. But if the acts

Louisville & Nashville Railroad Co. v. Commonwealth.

complained of are specifically set forth, and it appears that they were "a work of necessity or charity," the petition is bad, notwithstanding the allegation that they were not " a work of necessity or charity."

4. REVERSIBLE ERRORS.—In the absence of a motion for new trial in such an action, the only question which can be considered on appeal is the sufficiency of the pleadings to support the verdict and judgment.

WM. LINDSAY FOR APPELLANT.

1. The repairing by a railroad company of its track is a "work of necessity," within the meaning of the statute against Sabbath-breaking. (Edgerton v. State, 67 Ind., 588; 33 State Rep., 110; 7 Baxter, Tenn. Rep., 95; 59 Ind., 416; Commonwealth v. L. & N. R. R. Co., 80 Ky., 291.)

2. The Commonwealth was bound to negative the exception contained in the statute by showing that the work was not one of necessity.

3. It is not sufficiently averred that the work was done on Sunday. The statement of the pleader that the —— day of ——, 1887, was Sunday, is merely his conclusion. This is one of those cases in which time is material.

JEFF. HENRY ON SAME SIDE.

1. The petition should have stated facts showing the incorporation and organization of defendant.

2. Time is such an essential ingredient in the offense that it must be alleged with certainty.

JOHN G. CRADDOCK FOR APPELLEE.

1. In the absence of a motion for new trial, the only question that can be considered is the sufficiency of the pleadings. (Harper v. Harper, 10 Bush, 451.)

2. Distributing cross-ties along the line of a railroad is not a "work of necessity," within the meaning of the statute.

3. The argument that the petition does not show that the defendant has ever organized under its charter has been fully answered by repeated decisions, beginning as far back as H. & N. R. R. Co. v. Leavell, 16 B. M., 363.

4. The court takes judicial notice that Green county is in Kentucky. (Strode v. Strode, 3 Bush, 228.)

5. The allegation of the petition as to time was sufficiently specific. But if not, the refusal of the court to require plaintiff to fill the blank did not prejudice defendant's substantial rights.

P. W. HARDIN, W. J. HENDRICK ON SAME SIDE.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellee brought this penal action in pursuance of section 11, title I, of the Criminal Code, to recover the

penalty denounced by section 10, article 17, chapter 29 of the General Statutes, for violating the Sabbath-day. A verdict and judgment having being rendered against the appellant, and it having failed to make a motion or file any grounds for a new trial, its appeal can only be considered with reference to the sufficiency of the pleadings to sustain the verdict and judgment. (See Harper v. Harper, 10 Bush, 451.)

The petition discloses that on the —— day of ——, it being the Sabbath-day, in the year 1887, the appellant employed thirty persons, whose names were unknown to the appellee, in handling and distributing cross-ties along its track in "Green county." A motion was made to compel the appellee to insert the day of the month in the petition, which was overruled. This action of the court was correct, for the reason that the time when the fact happened is not a constituent part of the cause of action, except, perhaps, in reference to the statute of limitations, and that question does not arise in this case, except it is an essential fact, in order to constitute the offense, that the fact must happen on the Sabbath-day, and it is alleged that the fact happened on the Sabbath-day. It is said, however, that it not being alleged that the fact happened on a certain day of the month, and the allegation that the fact happened on a Sabbath-day being merely a conclusion of the pleader, the petition is defective. It seems to us, however, that the allegation is an allegation of fact. To say that this or that was done on the Sabbath-day, or this is the Sabbath-day, is the assertion of a fact and not a mere conclusion. It is true one may be mistaken about the asserted fact, so as to any asserted fact; but, nevertheless, a fact is asserted.

It is also said the allegation "was not a work of necessity or charity" is but the conclusion of the pleader. But, it seems to us, that this allegation is an allegation of fact, not a mere conclusion.   The acts complained of are specifically set forth, and it is alleged that they were not acts of necessity or charity.   If it appeared from the acts set forth as having been done on the Sabbath, that they were a " work of necessity or charity," the petition would be demurrable, notwithstanding the allegation that they were not a " work of necessity or charity."   This would not be for the reason that the allegation " not a work of necessity or charity " was but a conclusion of the pleader, but for the reason that, as it appeared from the acts set forth, that it was a work of necessity or charity, and the allegation that it was not, although an allegation of fact, was inconsistent with such allegation, hence it was neutralized.   But it does not appear from the alleged facts that it was necessary to perform the work on that Sabbath-day.   It is true that this court has decided that running a passenger train, etc., on the Sabbath-day was a work of necessity, the court saying " the law regards that as necessary which the common sense of the country, in its ordinary mode of doing business, regards as necessary." (See The Commonwealth v. The L. & N. R. R. Co., 80 Ky., 291.)

It is also true that the company would be excusable for repairing any part of its track on the Sabbath-day that was suddenly rendered unsafe where delay might endanger the safety of passengers or property in its charge, and where, if it failed to make the repairs on that day because of the fact that it was the Sabbath-day, and injury were to befall the passengers or property in its charge in conse-

quence of such failure, the company would be responsible. But this rule does not apply to the making of the ordinary repairs of its track that, having in view the safety of the passengers and property in charge, can be done on any other day than Sunday with equal safety. As intimated, it does not appear, from the facts stated, that this could not have been done on any other day than the Sabbath.

The judgment is affirmed.