CASE 57.—ACTION BY THE COMMONWEALTH AGAINST THE CHESAPEAKE & OHIO RAILROAD COMPANY FOR A STATUTORY PENALTY.—March 25.

# Commonwealth v. C. & O. Ry. Co.

Appeal from Bracken Circuit Court.

JAMES P. HARBESON, Circuit Judge.

Demurrer to petition sustained, and plaintiff appeals.—Reversed.

1. Sunday—Penalties for Working—Action—Trial—Election Between Acts Charged.—Under Ky. St. 1903, section 1321, providing a penalty for each offense in employing persons to labor on Sunday, with certain exceptions, and that every person employed shall be deemed a separate offense, where

a penal action was instituted for causing and permitting eight employes (naming them) to work on Sunday, refusal to require the Commonwealth to elect which of the causes it would prosecute was not error.

2. Appeal—Jurisdiction—Amount in Controversy.—Where a general demurrer to the petition in an action for penalties was sustained, the Court of Appeals had jurisdiction of an appeal, since the aggregate maximum sum of the penalties exceeded $200.

3. Sunday—Penalties — Statutory Provisions — Exceptions.—Ky. St. 1903, section 1321, providing a penalty for Sunday work, excepts work required in the maintenance or operation of railroads. In a petition to recover the penalty, the work alleged to have been done was whitewashing, mowing, pulling, and cutting grass and high weeds, and cleaning up along and on defendant railway company's line of railroad, right of way, and roadbed. Held, that the work alleged was not within the exception, notwithstanding every railroad is required by statute to keep its right of way clear and free from weeds, high grass, etc., since that character of work can be done on week days, and the exception in the statute was intended to apply only to work necessary to be done on the Sabbath.

4. Same—"Work Required."—The word "required" as used in Ky. St. 1903, section 1321, providing a penalty for Sabbath working, except "work required" in maintaining or operating railroads, etc., means that which is necessary, and does not refer to work which may as well be done on other days.

M. J. HENNESSEY for the Commonwealth.

WORTHINGTON & COCHRAN for appellees.

Opinion of the Court by Judge Lassing—Reversing.

The Commonwealth instituted a penal action in the Bracken circuit court against appellee, wherein it sought to recover the sum of $400 in damages for causing and permitting eight of its hands and employes (naming them) to work and labor upon Sunday, the Christian Sabbath, by whitewashing, mowing.

pulling, and cutting grass and high weeds, and cleaning up along and on its said line of railroad, right of way, and roadbed, in Bracken county; said work being done within 12 months next before the institution of the suit, and not being a work of necessity or charity, nor required in the maintenance or operation of the railroad, and against the peace and dignity, of the Commonwealth. A motion on the part of the defendant to require the plaintiff to elect which one of the causes of action it would prosecute was overruled. Thereupon a general demurrer was filed to the petition. This was sustained, with leave to amend. Plaintiff declining to amend, the petition was dismissed, and plaintiff appeals.

It is contended for appellee that, inasmuch as the fine for the violation of the Sunday law, as provided for by section 1321 of the Kentucky Statutes of 1903, is not less than $2 nor more than $50 for each offense, this court has no jurisdiction of this appeal. The learned counsel, however, evidently overlooked a clause in the latter part of section 1321, which provides that "every person or apprentice so employed shall be deemed a separate offense," so that, where the petition alleges that eight men, servants and employes of appellee, did work and labor under the direction of appellee on the Christian Sabbath, if entitled to recover at all, the Commonwealth may recover eight penalties ranging from $2 to $50 each, in the discretion of the jury. She has one cause of action against appellee for as many of the penalties as she is able to show servants or employes were caused to work and labor on the Christian Sabbath. The petition alleges that eight were so employed, and the demurrer admits the correctness of this statement. We are, therefore, of opinion that the trial court did

not err in refusing to require the Commonwealth to elect which one of said eight cases she would prosecute, and, having a right to sue for the eight penalties in one suit, and the aggregate maximum sum of said penalties exceeding $200, we are of opinion that this court has jurisdiction of the appeal.

The only remaining question for consideration is: Does the work and labor which the servants of appellee are charged with having done, fall within the inhibition of the statute? Prior to 1890 the statute prohibited all work and labor upon the Christian Sabbath, except the ordinary household offices or work of necessity or charity. Under the statute as it then was this court, in the case of L. & N. R. Co. v. Commonwealth, 92 Ky. 114, 17 S. W. 274, held that the ordinary work required for the maintenance of the railroad track did not fall within the exceptions. Thereafter the statute was amended by adding thereto these words: "Or work required in the maintenance or operation of a ferry, skiff, or steamboat, or steam or street railroad." Appellee insists that inasmuch as every railroad is, by express statute, required to keep its right of way clear and free from weeds, high grass, etc., and to maintain signboards at crossings bearing the inscription "Railroad Crossings" in capital letters the character of work which it is charged with having done on the Christian Sabbath is such as is required to be done in the necessary and proper maintenance of its right of way and roadbed, and that, this being true, it is by express provision of the statute exempt from the penalties prescribed in section 1321. To admit the correctness of this contention would be, in effect, to hold that the Legislature by the amendment passed in 1891 intended to authorize railroad companies to have their servants and employes

labor on the Christian Sabbath, without regard to whether the same was necessary or not. We can not believe that it was so intended; nor do we believe that a fair construction of the language used will authorize such a conclusion. That portion of the statute which is under consideration in this case exempts from the penalty provided for by section 1321 all "work required in the maintenance of the railroad." Some force and effect must be given to the word "required." It means that which is necessary, and, while it is true that a railroad should keep its right of way free from weeds, high grass, etc., and keep its signboards erected at the designated places and properly lettered, so that they may be seen by the public, as well as by those in charge of the trains, it does not by any means follow that this work should be done on the Christian Sabbath. This is a character of work and labor that can and should be done on week days. It was not contemplated by the Legislature, in giving to railroad companies the right to do such work as is required in the maintenance of their roadbeds or rights of way on the Christian Sabbath, without being subjected to penalties therefor, that they would seek to take advantage of this provision of the law enacted to meet their necessities, and use it as a cloak to shield them from all violations of the Christian Sabbath.

We are not unmindful of the fact that the law is most solicitous in its regard for the safety of the traveling public, and that it is necessary, to avoid accidents, that a certain amount of labor must be performed on the Christian Sabbath by employes of railroads; and it is this needed work of labor that the statute refers to when it says that railroads may have the work required in the maintenance and operation of the railroad done on the Christian Sabbath without

being subject to a fine therefor.  It may be fairly pre-
sumed that a railroad does not have any work done
upon its right of way or roadbed that is not required
by some statute or needed to insure the safe passage
of its trains; and hence to give to the statute the con-
struction asked for by appellee would be to hold that
railroad companies were altogether exempt from the
operation of the provisions of the statute prohibiting
one from following his usual avocation on the Chris-
tian Sabbath.  As above indicated, we are of opinion
that the provisions of section 1321 are not subject to
this construction.  The railroad may have all such
work done on the Christian Sabbath as is required or
necessary to insure the safe passage of its trains over
its roadbed, without being penalized therefor.  Beyond
this is may not go.

For the reasons indicated, we are of opinion that
the petition stated a cause of action, and the demurrer
should have been overruled.  For this reason the judg-
ment is reversed, and cause remanded for further
proceedings consistent herewith.