## Commonwealth v. Bowling Green Athletic Association.

### (Decided February 6, 1925.)

### Appeal from Warren Circuit Court.

1. Sunday—Refusal to Require State in Penal Action for Violation of Sunday Statute to Elect Between Different Offenses Charged Held Not Error.—In penal action by Commonwealth under Ky. Stats., section 1321, prohibiting any person from working or employing other persons to labor on Sunday, and declaring that every person so employed shall be deemed separate offense, to recover of athletic association for employment of twelve persons to play baseball on Sunday, it was not error to refuse to require state to elect between different offenses charged.

2. Courts—Court of Appeals Held to have Jurisdiction, on Appeal from Judgment Sustaining Demurrer, in Penal Action by State to Recover for Violations of Sunday Law.—In penal action by state to recover $600.00 for 12 violations of Sunday law, Ky. Stats., section 1321, Court of Appeals has jurisdiction on appeal from judgment sustaining demurrer.

3. Sunday—Petition in Penal Action by State to Recover of Athletic Association for Violations of Sunday Law Held Not Demurrable. —Petition in Commonwealth's action to recover $600.00 for 12 violations of Sunday law, Ky. Stats., section 1321, in that defendant, an athletic association, employed twelve persons to play baseball on Sunday, which alleged that such employment was not within exempted work, and that men employed were not exempt, and that the work was that for which defendant was specifically organized, held not demurrable.

JOHN A. LOGAN, A. M. CHANEY, JOHN B. RODES, and GAINES & GARDNER for appellant.

BELL & CORN, M. B. HARLIN, B. S. HUNTSMAN and THOMAS, THOMAS & LOGAN for appellee.

OPINION OF THE COURT BY DRURY. COMMISSIONER— Reversing.

A demurrer was sustained by the trial court to appellant's petition filed in a penal action begun by it, by

John A. Logan, Commonwealth's attorney for the eighth judicial district, wherein it sought to recover $600.00 for twelve violations of section 1321 of the Kentucky Statutes. That these different offenses may be joined and that this court has jurisdiction is setttled by Phoenix Hotel Co. v. Com., 153 Ky. 507, 156 S. W. 117, and Com. v. C. & O. Ry. Co., 128 Ky. 542, 108 S. W. 851.

In its articles of incorporation the appellee declares its business to be "to promote wholesome and healthful outdoor sports and pastimes in season, including baseball, football, basket-ball, track athletics, golf, tennis, swimming and all other like sports of every kind and description."

A part of the provisions of section 1321 of the Kentucky Statutes is: "If any person on the Sabbath day shall himself be found at his own, or any other trade or calling, or shall employ his apprentices, or other person, in labor or other business, whether the same be for profit or amusement, unless such as is permitted above, he shall be fined not less than two nor more than fifty dollars for each offense. Every person or apprentice so employed shall be deemed a separate offense."

In the petition it is alleged that the appellee did, in the county of Warren and state of Kentucky, unlawfully conduct, play and procure to be played, a game of baseball at and within what is known as the Fair Grounds, near the city of Bowling Green, on Sunday, May 6, 1923.

Appellant's petition charged and plead in great detail, that this was not any of the various permissible works enumerated in section 1321, and that the men employed by appellee were not men exempt from the observation of that section, and as the work or business which the petition charges that appellee conducted is the specific work or business for which it was organized, it therefore follows that appellee was on the day alleged in the petition, found at its trade or calling, and that it did then employ twelve persons in that business.

Therefore, the demurrer should have been overruled, and this cause is now reversed and remanded, with directions to overrule the appellee's demurrer, and for such other and further proceedings as are consistent with this opinion.

The whole court sitting.