El Pueblo de Puerto Rico, demandante y apelado, *v.* Agustina Reyes, María Pérez y Rosa Mercado, acusadas y apelantes.

Núm. 7786.—*Sometido:* Noviembre 7, 1939. *Resuelto:* Enero 9, 1940.

*Justo A. Casablanca,* abogado de las apelantes; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

La Corte de Distrito de San Juan declaró a Agustina Reyes, María Pérez y Rosa Mercado culpables de un delito de acometimiento y agresión con circunstancias agravantes, imponiéndoles una multa de $50 a cada una de ellas o en su defecto a sufrir un día de cárcel por cada dólar que dejasen de pagar, no excediendo la prisión de treinta días de cárcel.

La representación de las acusadas no radicó alegato en apoyo del recurso y el fiscal, en el acto de la vista, se allanó al mismo pidiendo la revocación de la sentencia por entender que los hechos imputados a las acusadas eran constitutivos de asesinato o por lo menos de un homicidio voluntario (*felony*) y que bajo tales hechos no podían ser ellas acusadas y convictas de un delito de acometimiento y agresión grave.

De los autos resulta que las tres apelantes, en unión de Mateo Reyes Walker fueron acusadas en la Corte de Distrito de San Juan de un delito de asesinato en primer grado; que después de radicada la acusación se presentó en la Corte Municipal de Carolina la denuncia de este caso contra las tres apelantes, pero antes de que se celebrase el juicio en relación con dicha denuncia, el acusado Mateo Reyes Walker se declaró culpable en la Corte de Distrito de San Juan de un delito de homicidio voluntario, habiendo aceptado el fiscal y aprobado la corte la reducción de la calificación del delito de asesinato en primer grado a homicidio voluntario. Fué entonces sentenciado dicho acusado a cumplir cuatro años y medio de presidio, y una vez dictada la sentencia el fiscal solicitó del tribunal inferior el sobreseimiento y archivo de la causa por asesinato que se seguía contra las tres apelantes, por la única razón, según él, de que los fines de la justicia

no se beneficiarían con la persecución de estas acusadas una vez dictada la sentencia que se dictó contra Mateo Reyes Walker. La corte accedió a lo solicitado por el fiscal, celebrándose posteriormente el juicio por acometimiento y agresión grave en la Corte Municipal de Carolina donde las tres apelantes fueron convictas y sentenciadas. Apelaron para ante la Corte de Distrito de San Juan, haciendo allí la siguiente alegación:

"Nosotras entendemos que no procede esta denuncia, según lo alegamos en la Corte Municipal de Carolina, porque no puede concebirse que en un delito de asesinato, habiéndose castigado la muerte de la persona, proceda una denuncia por acometimiento y agresión."

La corte inferior, entendiendo que no había existido *jeopardy* en lo que a estas acusadas se refiere, desestimó la moción de la defensa y procedió a la vista del caso, dictando luego la sentencia a que hemos hecho referencia al principio de esta opinión.

No hay duda alguna que los hechos imputados a todos los acusados, tanto a las apelantes como a Mateo Reyes Walker, son constitutivos de un delito de asesinato. Como la acusación por asesinato en cuanto a estas apelantes se refiere fué archivada antes de ser expuestas en juicio, pudieron haber sido ellas acusadas nuevamente aún después de tal archivo y sobreseimiento por un delito de asesinato como lo había sido Mateo Reyes Walker, sin que pudieran alegar con éxito la defensa de *jeopardy*.

A este efecto dice Miller en su obra sobre *Criminal Law*, pág. 535, sec. 186:

"Generalmente se acepta que el ponerse en libertad un acusado por el magistrado instructor (*committing magistrate*) o el rehusar acusarlo un gran jurado, no impide su persecución posterior puesto que no hay *jeopardy*. En la mayoría de las jurisdicciones existe la regla de que el *jeopardy* empieza solamente cuando el acusado ha contestado la acusación y ha sido puesto en juicio, es decir, cuando el jurado ha sido seleccionado y ha prestado su juramento definitivo, o después de haber empezado el juicio si el mismo se celebra por

tribunal de derecho. En cualquier tiempo antes de esos dos momentos puede archivarse la acusación sin perjuicio de formularla de nuevo y perseguir al acusado a base de la misma. Sin embargo, tan pronto como el jurado ha prestado su juramento definitivo empieza el *jeopardy* y si después de ese momento se anula o se archiva la acusación, el acusado tiene derecho a su libertad, pudiendo alegar el *jeopardy*.''

Pero las apelantes, como hemos visto no fueron acusadas de asesinato sino de un delito de acometimiento y agresión grave en la Corte Municipal de Carolina.

En todo asesinato u homicidio en que la muerte se causa por medio de golpes o heridas, la comisión del delito se inicia con un acometimiento y agresión, es decir, el acometimiento y agresión es un ingrediente del delito y el hecho de que el delito de acometimiento y agresión se haya fundido en el *felony* no impide que las acusadas puedan ser denunciadas por el delito menor. o sea acometimiento y agresión, no pudiendo ellas en tal caso alegar con éxito que el delito por ellas cometido es mayor que aquél del cual se les ha acusado.

En la antigua Ley Común de Inglaterra la distinción entre *felony* y *misdemeanor* no consistía meramente en el grado del delito y castigo que se imponía en uno u otro caso, sino en ciertas diferencias de procedimientos que los jueces eran · muy celosos en hacer cumplir. En los *misdemeanors* el acusado tenía derecho a estar representado por abogado en el juicio, a que se le sirviese copia de la acusación y a ser juzgado por un jurado especial, privilegios éstos de que no disponía la persona acusada de un delito *felony*. 1 *Bishop's New Criminal Law*, 12a. ed., pág. 486, sec. 804.

Como consecuencia de estos privilegios, bajo una acusación de delito *felony* no podía declararse culpable al acusado de un delito menor de *misdemeanor*, pues en tal caso equivalía a castigarlo por un *misdemeanor* sin haberle reconocido los privilegios anteriormente citados. Cuando al juzgarse un acusado por un delito *felony* el juzgador llegaba a la con-

clusión de que el delito cometido era un *misdemeanor,* entonces lo que procedía era absolver al acusado del *felony* e iniciar un nuevo procedimiento contra él por el delito *misdemeanor,* concediéndole así todos los privilegios que le reconocía la ley.

La distinción anteriormente aludida no impedía aún bajo la antigua Ley de Inglaterra que un acusado cuyo delito pudiese ser calificado como *misdemeanor* o *felony* indistintamente, fuese acusado en primera instancia del delito *misdemeanor,* pues contrario a lo que hubiera sucedido acusándolo de *felony,* al procesarlo por *misdemeanor* se le reconocían todos los derechos y privilegios inherentes al *misdemeanor* y en tal caso no podía alegar que el delito por él cometido era más grave que aquél por el cual se le había juzgado. Se decía entonces como fundamento de la regla, que el Rey podía perseguir al ofensor como estimase conveniente, ya fuera por el *misdemeanor* o por el *felony.* Obra citada, tomo 1, pág. 476, sec. 788. A este efecto se dice en 1 *Wharton's Criminal Law,* 12a. ed. (1932), pág. 55, sec. 39:

"La consecuencia es que un acusado a quien se le imputa un delito de acometimiento no tiene derecho ya, por regla general, a ser absuelto porque el acometimiento sea parte de un *felony.*"

Nada, a nuestro juicio, impide que en nuestro sistema penal una persona que haya cometido un delito *felony* pueda ser juzgada y sentenciada por un *misdemeanor* comprendido dentro del *felony.* Esto, sin embargo, no implica que sancionemos la práctica seguida por el fiscal y la corte inferior. De ser ciertos los hechos expuestos en la acusación originalmente presentada contra Walker y las apelantes en la corte de distrito, esos hechos acusan un grado de crueldad y perversión tal, que exigen una pena que lejos de estimular la comisión de 'estos actos verdaderamente salvajes, impidan su repetición en el futuro.

No acertamos a comprender cómo la sentencia de cuatro años y medio de presidio impuesta a Mateo Walker por un delito menor del que se le imputó, pudo justificar el archivo

y sobreseimiento de la acusación contra las apelantes que con él coadyuvaron activa y cruelmente en los hechos brutales que culminaron en la muerte de la propia esposa del acusado Mateo Walker. Si el delito cometido por los acusados era el de asesinato, de asesinato debieron ser juzgados y que el jurado determinase por los méritos de la prueba la responsabilidad de cada uno de los copartícipes en el crimen.

*Por lo expuesto, procede desestimar el recurso y confirmar la sentencia apelada.*

El Juez Asociado Sr. Wolf disintió.[*]