EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MIGUEL ANGEL ILARRAZA, acusado y apelante.

Núm. 8137—*Sometido:* Mayo 7, 1940. *Resuelto:* Mayo 9, 1940.

M. *Velázquez Flores,* abogado del apelante; R. A. *Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

En el juicio *de novo* que en grado de apelación celebró en este caso la Corte de Distrito de Humacao, declaró convicto al acusado del delito de acometimiento y agresión con circunstancias agravantes y lo sentenció a cumplir un año de cárcel. En el recurso de apelación que interpuso para ante este tribunal, alega el acusado que la denuncia es nula por haber sido radicada en la Corte de Paz de Fajardo, la cual carece de

jurisdicción para conocer del delito imputádole; que tanto la Corte Municipal de Fajardo, donde se celebró el juicio en primera instancia a base de una denuncia radicada en la Corte de Paz, como la Corte de Distrito de Humacao en grado de apelación, carecen de jurisdicción por razón del delito realmente imputado en la denuncia, y finalmente que no se probaron los elementos constitutivos del delito de acometimiento con circunstancias agravantes.

De los autos no resulta que la denuncia hubiese sido radicada originalmente en la Corte de Paz. Lo único que aparece es que fué jurada ante el Juez de Paz.

El hecho de que la denuncia haya sido jurada ante el Juez de Paz de Fajardo en dicha ciudad, no afecta su validez, pues siendo el Juez de Paz un funcionario autorizado para administrar juramentos y habiéndolo autorizado en este caso dentro de la jurisdicción territorial del tribunal que preside dicho funcionario, el juramento es tan válido como si lo hubiera recibido el propio Juez Municipal de Fajardo. *Soto* v. *Tesorero de Puerto Rico,* 53 D.P.R. 950, 953, y especialmente *Partido Popular et al.,* v. *Gallardo, Secretario Ejecutivo,* ante, pág. 706.

La denuncia, en lo pertinente, dice así:

"En la Corte Municipal del Distrito Judicial Municipal de Fajardo, P. R.—Estados Unidos de América, El Presidente de los Estados Unidos.—El Pueblo de Puerto Rico v. Miguel Angel Ilarraza Pastrana . . . Yo, José A. López Vélez, Cabo, P. I., vecino de Fajardo, P. R., calle de Luis Muñoz Rivera, número . . . mayor de edad, formulo denuncia contra Miguel Angel Ilarraza Pastrana por delito de acometimiento y agresión grave, cometido de la manera siguiente: Que en 4 de enero, 2:00 P. M., de 1939, y en la barriada obrera de Fajardo, P. R., del Distrito Judicial Municipal de Fajardo. P. R., que forma parte del Distrito Judicial de Humacao, P. R., el referido acusado, Miguel Angel Ilarraza Pastrana, allí y entonces, ilegal, voluntaria y maliciosamente y con la intención criminal de causar grave daño corporal en la persona de la menor Angélica Soto, que es una semejante, la agarró por un brazo mientras ésta se encontraba en la letrina de su casa, tapándole la boca, halándola para tirarla al suelo, causándole contusiones en la cara, en los brazos, y

desgarrándole el traje que vestía el cual se presenta como evidencia. El agravante de este caso consiste en que el acusado es un varón adulto de grandes fuerzas corporales, habiendo cometido este delito en la persona de una niña de 13 años (menor de edad).—Este hecho es contrario a la ley para tal caso prevista y a la paz y dignidad de El Pueblo de Puerto Rico . . .''

De la faz de la denuncia claramente resulta que el delito imputado es el de acometimiento y agresión con circunstancias agravantes. Se alega que el acusado es un ''varón adulto de grandes fuerzas corporales'', que la perjudicada es una menor, y que el acusado la agarró por un brazo, tapándole la boca, halando para tirarla al suelo, causándole contusiones en la cara y en los brazos, y desgarrándole el traje que vestía. Como las cortes municipales tienen jurisdicción sobre el delito de acometimiento y agresión con circunstancias agravantes, claro es que en apelación pudo conocer del caso la corte de distrito.

Sostiene el apelante que el delito imputado es el de ataque para cometer violación y no el de acometimiento y agresión con circunstancias agravantes. El delito de acometimiento y agresión con circunstancias agravantes está incluído en el de ataque para cometer violación y siendo ello así, y habiéndose optado por denunciar el acusado por el delito menor, nada impide su convicción aun en el supuesto de que los hechos probados pudieran demostrar la comisión del delito mayor. Véase el caso de El Pueblo v. Reyes, 55 D.P.R. 834.

Arguye el apelante que de la prueba no resulta que el acusado fuera un varón adulto y de fuerzas corporales, como se alega en la denuncia. Es verdad que no se presentó prueba directa con respecto a la edad del acusado, pero de la evidencia resulta que al tiempo de realizarse el acto delictivo él era un hombre casado, con hijos, y que había sido conocido por la madre de la perjudicada hacía 7 u 8 años trabajando como carpintero en la casa de don Rafael Calderón. Es de conocimiento general que para ser él carpintero

y estar trabajando como tal, necesariamente debió tener no menos de catorce años, que sumados a los 7 u 8 a que se refiere la testigo, demuestran que la edad del acusado para dicha fecha debió ser de 21 ó 22 años.

Además, el juez sentenciador, que pudo ver al acusado en el juicio, lo consideró mayor de 21 años, desde el momento en que lo declaró culpable de acometimiento y agresión con circunstancias agravantes, y no aparece del récord que en ningún momento el acusado levantara la cuestión en la corte inferior.

En el Estado de Tejas, de donde procede nuestra ley de acometimiento y agresión, se ha dicho por la Corte de Apelaciones:

"Como se dijo anteriormente, la acusación en este caso imputaba un delito de acometimiento con circunstancias agravantes por un varón adulto a una mujer, y para justificar una convicción, el gobierno estaba obligado a probar la alegación que se hacía en la denuncia, esto es, que el acusado era un varón adulto. 'Adulto' significa una persona que ha llegado a la edad de 21 años. *George* v. *State,* 11 Tex. App. 95; *Schenault* v. *State,* 10 Tex. App. 410. No hay prueba positiva directa en la relación del caso al efecto de que el acusado es o fuera un varón adulto, pero encontramos que se habla de él 'como un hombre' (*as a man*) y 'un ayudante de ferrocarril' (*a railroad hand*) y no se levantó cuestión alguna en el juicio con respecto a este hecho. Por el contrario, el acusado parece haber sido considerado por todas las partes en el juicio y por la corte como un adulto. La regla parece haber quedado bien establecida ya sobre esta materia al efecto, de que cuando no se levanta cuestión o controversia en cuanto a este punto en la corte inferior ni es sugerida por los hechos en evidencia, el caso no será revocado por falta de una prueba específica del hecho. (Citas)". *Henkel* v. *State,* 11 S. W. 671, 672, y casos citados.

Véase además el caso más reciente de *Priest* v. *State* (Tex. 1932), 47 S. W. (2d) 280.

No existiendo ninguno de los errores señalados por el acusado, y estando la sentencia impuesta dentro de los límites que determina la ley para este delito, *procede desestimar el recurso y confirmar la sentencia apelada.*