EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ENRIQUE TONJE CLEMENTE, acusado y apelante.

Núm. 14304.—*Sometido:* Enero 9, 1950. *Resuelto:* Abril 28, 1950.

318

*Domingo Candelario,* abogado del apelante; *Hon. Procurador General Vicente Géigel Polanco, J. Rivera Barreras, Fiscal del Tribunal Supremo* y *Fernando Fornaris, Jr., Fiscal Auxiliar,* abogados de El Pueblo, apelado.

*PER CURIAM:* El apelante fué acusado de infringir la Ley de la Bolita. La acusación surgió con motivo de un allanamiento efectuado en su residencia sita en el Barrio Capetillo de Río Piedras.

De los autos resulta que el detective E. Torres Pérez, preparó la documentación necesaria para allanar la residencia del acusado. Redactó la declaración, preparó la orden de allanamiento y presentó los documentos al Juez Municipal de Río Piedras, en su residencia en Santurce. Luego del Juez leer la declaración, le pidió que la firmase y expidió entonces la orden de allanamiento la que dos días después de su expedición fué diligenciada por E. Torres Pérez, en unión de otros detectives.

Del registro practicado resultó que el acusado tenía en su poder listas de números de tres cifras con una raya a la derecha separando dicho número de otro que tiene una o dos cifras; también tenía dinero, entre el que encontraron 27¼ libras de centavos y además bolos y bolsas de papel.

Oportunamente el apelante radicó una moción interesando la supresión y devolución de los materiales ocupados, la cual fué declarada sin lugar. Visto el caso, con la sola declaración del detective Torres Pérez, quien explicó cómo se había efectuado el allanamiento y declaró sobre lo que en la casa del acusado encontraron, así como la relación existente entre los objetos ocupados y el juego de la bolita, el acusado fué convicto y sentenciado a cumplir un año de cárcel.

Alega que la sentencia debe ser revocada porque: (1) la acusación no aduce hechos constitutivos de delito; (2) el Tribunal cometió error al declarar sin lugar la moción sobre supresión de evidencia; (3) se admitió en evidencia dinero ocupado en poder del apelante, sin establecerse relación entre dicho dinero y el delito imputado; (4) se permitió al agente, quien aparece firmando el diligenciamiento, declarar sobre evidencia que ocupó otro de los agentes que lo acompañaron en el registro; y (5) el Tribunal erró al declarar sin lugar la moción de *nonsuit*.

Consideraremos, en el mismo orden, los errores apuntados por el apelante.

■ La acusación radicada expresa que ". . . tenía en su poder en su casa. 43 listas de números de tres guarismos, con unidad a la derecha, 14 listas de papel de máquina de sumar, con nombres y números y 20 cajas de cartón conteniendo bolos numerados y otros bolos sueltos, implementos y materiales éstos, que se pueden utilizar y se utilizan en el juego ilegal de la bolita."

La denuncia, imputa pues, la posesión de materiales de bolita—no de material susceptible de uso inocente—y ya hemos resuelto que ese solo hecho infringe la Ley núm. 220 de 1948 ((1) pág. 739). *Pueblo* v. *Mantilla*, ante, pág. 36.

■ La moción sobre devolución y supresión de evidencia expone una serie de motivos de nulidad que ahora pasamos a discutir.

(*a*) Que la orden de allanamiento no está dirigida a Emilio Torres Pérez, agente que la diligenció, ni a nadie en particular, para su diligenciamiento.

El artículo 507 del Código de Enjuiciamiento Criminal prescribe la forma en que se redactará la orden. La expedida en el presente caso sigue las palabras del estatuto, es decir, va dirigida: [a] "cualquier agente del Orden Público, Cuerpo de la Policía Insular de P. R., detectives, en el Distrito Judicial Municipal de Río Piedras, Puerto Rico."

(*b*) Que la orden de allanamiento fué expedida sin causa probable, por contener la declaración que sirvió de base a la misma meras conclusiones de hecho y de derecho.

Luego de exponer este fundamento en su moción el apelante admite que la declaración jurada es similar a la expedida en el caso de *certiorari* titulado *Pueblo* v. *Tribunal de Distrito*, 69 D.P.R. 413, la cual fué declarada suficiente, y no expone el apelante razón alguna para que se revoque dicho caso.

■ (*c*) Que la orden fué expedida para ser cumplimentada de día o de noche, en violación de lo dispuesto en el artículo 511 del Código de Enjuiciamiento Criminal.

Si se examina la declaración jurada por Torres Pérez, se notará que, el material que se alegaba tenía el acusado, se encontraba en el lugar cuyo registro se solicitó, y eso es todo lo que requiere la ley para que la orden pueda ser diligenciada bien de día o de noche.

■ (*d*) Que la orden es nula porque en su parte dispositiva no contiene mandato alguno al efecto de que debía ser cumplimentada y devuelta dentro de los diez días a partir de su fecha, según exige el artículo 512 del Código de Enjuiciamiento Criminal.

En *Pueblo* v. *Mantilla*, supra, se resuelve esta cuestión adversamente a la proposición del apelante.

■ (*e*) Que el procedimiento es nulo por no expresar el certificado de diligenciamiento que el diligenciante entregara a la persona o dejara en la casa registrada un recibo de la propiedad ocupada, según el artículo 513 del Código de Enjuiciamiento Criminal.

No impone el artículo 513, la obligación de expresar en el certificado de diligenciamiento que se ha dejado un recibo de la propiedad a la persona en cuyo poder se encontraran los artículos, o en la casa registrada. En manos del acusado está exigir el recibo, si es que no se le ha entregado. *Cf. Pueblo* v. *Bracetty*, 70 D.P.R. 665.

322

■ (*f*) Que el procedimiento es nulo porque no aparece del certificado de diligenciamiento que se registró la casa contra la cual iba dirigida la orden de allanamiento.

La orden de allanamiento iba dirigida contra la casa de John Doe, conocido por Ney sita en la calle 7 de Capetillo, Río Piedras, de mampostería, de una sola planta, pintada de color crema claro y puertas y ventanas de color *brown*, con una puerta y ventana al frente, colindando por el Este con la calle 7 de Capetillo, Río Piedras, Puerto Rico, por el lado Sur con un garage viejo y por los demás lados con otras casas residenciales de la misma calle y en el diligenciamiento se expresa que se procedió al registro de la casa de Enrique Tonje Clemente, alias Ney.

Mientras no se demuestre lo contrario, tenemos que dar por sentado que John Doe (Ney) y Enrique Tonje Clemente (alias Ney) son la misma persona. Habiéndose descrito tan detalladamente la casa en la orden de allanamiento y encontrándose en ella el acusado, al diligenciamiento expresar que se allanó la casa de Ney, podemos concluir, a falta de prueba en contrario, que la registrada fué la casa descrita en la orden de allanamiento.

■ (*g*) Que los procedimientos seguidos en virtud de la orden de allanamiento son nulos porque no aparece del diligenciamiento que el agente que la diligenció (E. Torres Pérez) fuera una de las personas autorizadas para diligenciarla.

La orden de allanamiento iba dirigida a cualquier agente del orden público en el Distrito Judicial Municipal de Río Piedras. Ya en el caso de *Pueblo* v. *Aybar*, 68 D.P.R. 6 se resolvió que el campo de acción de un policía o detective no está circunscrito a determinado municipio o distrito pudiendo prestar servicios en cualquier sitio de Puerto Rico, bien con carácter permanente o temporalmente.

■■ Arguye, además, el acusado, que la orden de allanamiento expedida no es válida ya que no hubo declaración jurada que sirviera de base a la orden, pues el juez no examinó bajo juramento al querellante y de haberse hecho el

examen, el juramento es nulo, ya que el mismo fué prestado ante el Juez Municipal de Río Piedras en Santurce, citando para esta última proposición los casos de *Partido Popular* v. *Gallardo*, 56 D.P.R. 706 y *Pueblo* v. *Ilarraza*, 56 D.P.R. 723.

La prueba fué al efecto de que el detective Torres Pérez llevó ante el Juez una declaración sin firmar, que el Juez, luego de leerla, le indicó que la firmara, procediendo el Juez a firmarla también, y a base de esa declaración jurada, expidió la orden. El juramento no requiere una forma solemne y ritualista.

Considerando la segunda cuestión, si bien es verdad que el lenguaje del caso de *Partido Popular*, supra, y el de *Pueblo* v. *Ilarraza*, supra, sostiene la proposición del apelante, lo que en verdad resuelve es que un juez municipal o de paz no puede autorizar juramentos para actos a realizarse fuera de su distrito, pero no que un juez municipal o de paz tenga que trasladarse a un punto dentro de su distrito para poder autorizar un juramento.

█ Sostiene el apelante que el tribunal inferior erró al admitir el dinero ocupado en evidencia por no haberse demostrado relación entre dicho dinero y la comisión del delito. El detective Torres Pérez declaró que las listas de números ocupadas eran de las que se usan en el juego de la bolita, que se juega con dinero y habiéndosele ocupado al acusado estas listas y dinero, quedó establecida la relación entre el dinero y el delito imputado.

█ Señala como error incurrido por el tribunal inferior el no eliminar la declaración del agente Torres Pérez, quien diligenció la orden de allanamiento, en lo que respecta a la ocupación de cierta evidencia por otro agente, a pesar de ser dicha declaración contraria a lo que aparece del diligenciamiento.

Precisamente en el diligenciamiento Torres Pérez afirma que practicó el registro en unión de otros detectives que menciona. Cualquier cosa que ellos ocuparan era como si el propio declarante la hubiera ocupado.

�ం Por último, consideraremos la cuestión de si el tribunal erró al declarar sin lugar la moción de *nonsuit*. Claramente el tribunal sentenciador actuó correctamente al denegarla. La evidencia demostró que el acusado tenía en su poder material de bolita, y de acuerdo con el caso de *Pueblo v. Mantilla*, supra, eso es suficiente.

*Procede la confirmación de la sentencia.*

Opinión disidente del Juez Asociado Sr. Todd, Jr.

Disiento, porque considero que de acuerdo con lo resuelto por este Tribunal en los casos de *Partido Popular v. Gallardo*, 56 D.P.R. 706 y *Pueblo v. Ilarraza*, 56 D.P.R. 723, el juramento prestado en Santurce por el detective Torres ante el Juez Municipal de Río Piedras, fuera de la jurisdicción territorial de la corte para la cual fué nombrado, es nulo, y siéndolo, la orden de allanamiento librada por dicho magistrado en este caso también es nula. La opinión de la Corte limita ahora el alcance de lo resuelto en el caso de *Partido Popular v. Gallardo*, supra, interpretando el artículo 30 del Código de Enjuiciamiento Civil. Creo que dicho artículo fué bien interpretado en el caso anterior y en su consecuencia, que siendo nulo el juramento prestado para obtener la orden de allanamiento, ésta también lo es y, por tanto, el registro fué ilegal.

En cuando a las demás cuestiones resueltas en la opinión de la Corte en relación con otras impugnaciones hechas por el apelante a la forma en que se expidió y diligenció la orden de allanamiento, considero que la prueba demostró que no se dió cumplimiento estricto a los artículos 503, 504, 512 y 513 del Código de Enjuiciamiento Criminal y que, también por dicho motivo, el registro fué ilegal.

Las garantías constitucionales de que no se violará el derecho de estar garantizado contra registros arbitrarios y que no se expedirá orden de allanamiento sino por motivo fundado y bajo juramento (artículo 2 de nuestra Carta Orgánica) requieren un cumplimiento estricto de todas las condiciones o requisitos autorizados por ley para expedir una orden

de allanamiento, realizar un registro y luego devolver la orden diligenciada, ya que la garantía constitucional y los procedimientos autorizados por la ley en cuanto a registros, deben interpretarse liberalmente a favor del acusado. *Sgro* v. *United States*, 287 U.S. 206; *Grau* v. *United States*, 287 U.S. 124; *Boyd* v. *United States*, 116 U.S. 616; *Gouled* v. *United States*, 255 U.S. 298; *Go–Bart Co.* v. *United States*, 282 U.S. 344; *Byars* v. *United States*, 273 U.S. 28; *Marron* v. *United States*, 275 U.S. 192; *United States* v. *Lefkowitz*, 285 U.S. 452.

En el presente caso se ha dado una interpretación liberal a los artículos del Código de Enjuiciamiento Criminal antes citados, no a favor de los derechos constitucionales del apelante, sino en su contra. No puedo estar conforme con esa interpretación y disiento. No importa cuán loable sea el propósito que se persigue para que se cumpla con las disposiciones de la Ley núm. 220 de 1948 prohibiendo el juego clandestino de la Bolita, los funcionarios llamados a hacerlo no están autorizados a violar uno de los derechos más sagrados del ciudadano. No debemos, por interpretación judicial, hacer más fácil la violación de dicho derecho.

Debería revocarse la sentencia.