THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
CRISTÓBAL NEGRÓN RODRÍGUEZ, Defendant and Appellant.

No. 15177.   Argued December 3, 1951.—Decided December 4, 1951.

*Luis A. Noriega* for appellant.   *Víctor Gutiérrez Franqui,
Attorney General,* and *J. Rivera Barreras, Fiscal of the
Supreme Court,* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the Court.

The defendant was charged with having in his possession and transporting in his automobile *bolita* materials, in violation of Act No. 220, Laws of Puerto Rico, 1948. The *bolita* materials introduced in evidence against the defendant were allegedly found in a certain part of the defendant's automobile when it was searched pursuant to a search warrant. He was convicted and sentenced to six months in jail. On appeal, he argues first that the lower court erred in overruling his motion to declare the warrant null and to suppress the evidence allegedly seized in the automobile.

■■ The defendant contends that the warrant was invalid for four reasons. The first is that it was void because it was not executed within ten days after its date, as required by § 512, Code of Criminal Procedure, 1935 ed. The warrant was issued in the afternoon of September 20, 1949 and was executed on the night of September 30, 1949. The defendant contends that the ten days must be counted from September 20, and that the warrant was void because it was executed on the eleventh day.

We are unable to agree with this contention. Section 388 of the Political Code reads as follows: "The time in which any act provided by Law is to be done is computed by excluding the first day, and including the last, unless the last day is a holiday, and then it is also excluded." The time to execute the warrant is accordingly calculated from September 21, and was therefore validly executed on the tenth day. See *Sosa* v. *District Court*, 70 P.R.R. 59; *Destilería Serrallés, Inc.* v. *Buscaglia, Treas.*, 66 P.R.R. 614.

■ The second point is that there was no basis for the provision in the warrant that it could be executed in the daytime or at night. Section 511 of the Code of Criminal Procedure provides that "The justice of the peace must insert a direction in the warrant that it be served in the daytime, unless the affidavits are positive that the property is on the

person or in the place to be searched, in which case he may insert a direction that it be served at any time of the day or night."

The warrant provided for the search of a specific automobile. The affidavit, executed on September 20, 1949, on which the warrant was based, was made by a policeman. It stated in part that "in September 1949 at 10 p.m. I saw Cristóbal Negrón driving a 4-door blue Packard automobile, License No. 16342, on Mora St. in Ponce, in front of the house of Antonio Ramírez. The automobile was parked on the left hand side of the street with the motor on. Cristóbal Negrón at that moment was counting some boli-pool tickets and lists of *bolita* numbers. When he became aware of the affiant's presence, Cristóbal Negrón drove away quickly in the said auto, and the affiant could not catch up with him. I also saw, when I got near the auto, that he put the *bolita* and boli-pool materials in the dash of the automobile."

The quoted portion of the affidavit was sufficiently "positive" that the *bolita* materials were in the automobile to justify the direction that the automobile might be searched at any time of the day or night. We do not agree with the argument that a provision for search of an automobile in the night time is not proper because of the mobility of an automobile. The requirement of § 511 is fulfilled if the affiant is "positive" of the location of the objects of the proposed search at the time he became aware of the facts. It is true that before the warrant is executed, the *bolita* materials might be removed from the car. But this might also occur if a house were to be searched. In both cases the test is the same for purposes of § 511. There was therefore no violation of § 511 in this case. *People* v. *Tonje*, 71 P.R.R. 295.

The third contention is that § 3 of Act No. 220 does not authorize the search of an automobile.[1] We find this

---

[1] Section 3 reads in part as follows: "When the Insular Police of Puerto Rico. or the special investigation force created by this Act, may, upon a search warrant issued by a competent magistrate, when such order

contention untenable. This is not a case where the police officers asserted that they were entitled to search the automobile without a warrant as an incident of a valid arrest. *People* v. *Ríos*, 71 P.R.R. 908. Here the officers obtained a warrant. The appellant nevertheless argues that no such warrant may ever be obtained.

There can be no question that, generally speaking, a warrant may be issued to search vehicles as well as a stationary object such as a dwelling.[2] However, we assume, without deciding, that the Legislature intended to confine the authority of judicial officers to issue search warrants in *bolita* cases to "any room, house, building, structure or place of any kind", as listed in § 3 of Act No. 220. But even under this assumption we think, in the light of the purpose of Act No. 220, that the Legislature intended to include automobiles within the broad phrase, "place of any kind." It may be true that, strictly speaking, an automobile is not a "place". But if one is in an automobile, one is at a certain "place". In addition, the Legislature was aware that the use of automobiles was important to the operation of a *bolita* game. It made transportation of *bolita* materials an offense and provided for forfeiture of vehicles used in connection with *bolita* games. Sections 3 and 5 of Act No. 220. Moreover, the inability to search automobiles would greatly hamper en-

---

may be necessary, surprise one or more persons in any room, house, building, structure *or place of any kind*, engaged in the manipulation of the games known as *bolita, bolipul,* clandestine combinations connected with the pools or *bancas* of the racetracks of Puerto Rico, and clandestine lotteries, it shall, after seizing all the implements, coins, devices, materials, and tools, bring the matter before the district attorney of the proper judicial district, so that said person or persons may be prosecuted in conformity with the provisions of this Act." (Italics ours.)

We think the italicized phrase is a more accurate translation of the original Spanish phrase, *"sitio de cualquier clase",* than the official translation, "premises of any kind".

[2] See *Brinegar* v. *United States,* 338 U. S. 160; *Husty* v. *United States,* 282 U. S. 694; *Carroll* v. *United States,* 267 U. S. 132; *Best* v. *Commonwealth,* 268 S. W. 1088 (Ky., 1925); Annotation, 92 L. ed. 221; 1 Alexander, *Law of Arrest,* pp. 560, 595 *et seq.;* Cornelius, *Search and Seizure,* 2nd ed., pp. 200 *et seq. Cf. People* v. *Guzmán,* 34 P.R.R. 111.

forcement of Act No. 220. *Boliteros* could simply secrete their materials in automobiles and defy the police. We cannot say the Legislature intended to achieve this result. In view of the foregoing, we think a reasonable interpretation of the phrase "place of any kind", in the context of § 3 and in the light of Act No. 220 as a whole, is that it includes automobiles. The warrant was therefore not invalid because it directed the search of an automobile.

■ The fourth and final contention with reference to the warrant is that the municipal judge who issued it "lacked jurisdiction" to do so under § 506 of the Code of Criminal Procedure because he could not be certain that the vehicle was within the jurisdiction of the court at the time. We do not agree. The affidavit recited that the defendant was in the *bolita* business in Ponce and used the automobile for that purpose in Ponce. The warrant was addressed to "any peace officer in the district of Ponce, Puerto Rico." [3] It therefore could, and was, properly executed in Ponce.[4]

■ The next assignment is that the evidence was insufficient to establish the guilt of the defendant beyond a reasonable doubt. The testimony of the People was that nothing was found in the car or the dash board, but that under the automobile, between the chassis and the gasoline tank, a package of *bolita* lists and some stubs of boli-pool were found. The testimony of the defense was that a police corporal placed a piece of paper on the paved street, got on his knees and called a policeman to pick it up. The lower court resolved the conflict in the evidence in favor of the People. The testimony of the witnesses for the government, which the lower court believed, was sufficient to sustain the verdict of guilty.

The judgment of the district court will be affirmed.

---

[3] *People* v. *Tonje, supra; People* v. *Aybar,* 68 P.R.R. 6.
[4] Act No. 432, Laws of Puerto Rico, 1950, was not yet in effect.