EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* CRISTÓBAL NEGRÓN RODRÍGUEZ, acusado y apelante.

Núm. 15177.—*Sometido:* Diciembre 3, 1951. *Resuelto:* Diciembre 4, 1951.

*Luis A. Noriega,* abogado del apelante; *Hon. Procurador General Víctor Gutiérrez Franqui* y *J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El apelante fué acusado de tener en su poder y transportar en su automóvil material de bolita, en violación de la Ley núm. 220, Leyes de Puerto Rico, 1948 ((1) pág. 739). El material de bolita presentado en evidencia contra el acusado fué supuestamente ocupado en cierta parte del automóvil de éste cuando se allanó de conformidad con una orden de allanamiento. El apelante fué convicto y sentenciado a seis meses de cárcel. En apelación, alega primeramente que la corte inferior cometió error al declarar sin lugar su moción sobre nulidad de la orden de allanamiento y supresión de la evidencia supuestamente ocupada en el automóvil.

■■ El acusado sostiene que el allanamiento fué ilegal por cuatro razones. La primera es que era nulo porque no fué ejecutado dentro de los diez días de la fecha de expedición de la orden, según lo exige el artículo 512 del Código de Enjuiciamiento Criminal, ed. de 1935. La orden de allanamiento fué expedida en la tarde del 20 de septiembre de 1949 y se ejecutó en la noche del 30 de septiembre de 1949. Alega el acusado que los diez días deben contarse a

partir del 20 de septiembre, y que el allanamiento fué ilegal porque se ejecutó en el undécimo día.

No podemos convenir con esta contención. El artículo 388 del Código Político prescribe como sigue: "El tiempo en que cualquier acto prescrito por la ley debe cumplirse, se computará excluyendo el primer día e incluyendo el último, a menos que éste sea día de fiesta, en cuyo caso será también excluído." El término para ejecutar la orden de allanamiento es calculado de conformidad con dicho artículo a partir del día 21 de septiembre y por consiguiente fué válidamente ejecutada el décimo día. Véanse *Sosa* v. *Tribunal de Distrito*, 70 D.P.R. 62; *Destilería Serrallés, Inc.* v. *Buscaglia, Tes.*, 66 D.P.R. 649.

El segundo punto que suscita el acusado es que no había base para la disposición que se incluyó en la orden de allanamiento al efecto de que la misma podría ejecutarse durante las horas del día o de la noche. El artículo 511 del Código de Enjuiciamiento Criminal provee que "El juez de paz insertará en la orden de allanamiento o registro, instrucciones para que ésta sea cumplimentada durante las horas del día, a menos que las declaraciones juradas estén positivamente seguras de que el individuo lleva consigo la prenda que se busca o ésta se encuentra en el lugar que ha de ser registrado, y en ese caso podrá insertar instrucciones para que la orden se cumplimente a cualquiera hora del día o de la noche."[1]

La orden disponía el allanamiento de determinado automóvil. La declaración jurada, fechada el 20 de septiembre de 1949, en la cual se basó la orden de allanamiento, fué suscrita por un policía. Decía en parte que "en septiembre de 1949 como a las 10:00 de la noche ví a Cristóbal Negrón manejando el auto Packard, color azul, de cuatro puertas, tablilla núm. 16342, en la Calle Mora de Ponce, frente a la residencia de Antonio Ramírez y estando el auto estacionado

---

[1] Hemos corregido la versión en castellano de la ley, sustituyéndola por una traducción más precisa.

al lado izquierdo de la calle con el motor en marcha. Cristóbal Negrón contaba en ese momento unos boletos de boli-pool y listas de números de Bolita. Que al notar la presencia del suscribiente, Cristóbal Negrón emprendió veloz carrera en el mencionado auto, sin que el suscribiente pudiera darle alcance. Ví además, cuando me le acerqué al auto, que metió el material de Bolita y Boli-pool en el *dash* del automóvil."

La parte antes citada de la declaración jurada estaba lo suficiente "positivamente segura" de que el material de bolita se encontraba en el automóvil, que justificaba la disposición de que el automóvil podía ser registrado en cualquier momento del día o de la noche. No estamos de acuerdo con el argumento de que una disposición para registrar un automóvil durante las horas de la noche no procede debido a la movilidad de un automóvil. El requisito del artículo 511 queda debidamente cumplido si el deponente está "positivamente seguro" del lugar en que se encuentran los objetos envueltos en el propuesto allanamiento cuando tuvo conocimiento de los hechos. Es cierto que antes de ejecutarse el allanamiento el material de bolita podría ser sacado del automóvil. Pero esto también podría suceder si se fuera a allanar una casa. En ambos casos la norma es la misma a los fines del artículo 511. En consecuencia, en este caso, no se infringió dicho artículo. *Pueblo* v. *Tonje*, 71 D.P.R. 317.

■■ La tercera contención es que la sección 3 de la Ley núm. 220 no autoriza el allanamiento de un automóvil.(²)

---

(²) La sección 3 prescribe en parte como sigue: "Cuando la Policía Insular de Puerto Rico o la fuerza especial de investigación que por esta Ley se crea, previa orden de allanamiento expedida por magistrado competente, cuando tal orden fuere necesaria, sorprendiere a una o varias personas en cualquier habitación, casa, edificio, estructura *o sitio de cualquier clase*, que se esté dedicando a la manipulación de los juegos conocidos por 'Bolita', 'Boli-pool', combinaciones clandestinas relacionadas con los 'Pools' o bancas de los hipódromos de Puerto Rico y loterías clandestinas, deberá, después de incautarse de todos los implementos, monedas, artefactos, materiales y enseres, dar traslado del asunto al Fiscal del Distrito Judicial correspondiente, para que se proceda contra dicha persona o personas de conformidad con las disposiciones de esta Ley." (Bastardillas nuestras.)

Es insostenible esta contención. Éste no es un caso en que funcionarios de la policía alegan que tenían derecho a allanar el automóvil sin orden de allanamiento alguna como incidental a un arresto válido. *Pueblo* v. *Ríos*, 71 D.P.R. 969. Aquí la policía obtuvo una orden de allanmiento. No obstante, el apelante alega que tal orden nunca puede ser obtenida.

Es indudable que, en términos generales, puede expedirse una orden para allanar vehículos así como también un objeto inmóvil, como una casa.(³) Sin embargo, suponemos, sin decidirlo, que la Legislatura tuvo por miras limitar la autoridad de funcionarios judiciales a expedir órdenes de allanamiento en casos de bolita a "cualquier habitación, casa, edificio, estructura o sitio de cualquier clase", según los enumera la sección 3 de la Ley núm. 220. Pero aun bajo esta suposición creemos, a la luz de los fines de la Ley núm. 220, que la Legislatura tuvo por miras incluir los automóviles dentro de la amplia frase "sitio de cualquier clase". Puede ser cierto que, estrictamente hablando, un automóvil no sea un "sitio". Pero si una persona está dentro de un automóvil, dicha persona está en cierto "sitio". Además, la Legislatura tenía conocimiento de que el uso de automóviles era importante en la operación de la bolita. Decretó que sería delito la transportación de material de bolita y dispuso la confiscación de los vehículos usados en relación con dicho juego. Secciones 3 y 5 de la Ley núm. 220. En adición, el no poder allanar los automóviles perjudicaría grandemente la aplicación de la Ley núm. 220. Los boliteros podrían simplemente esconder su material en los automóviles y burlar la policía. No podemos decir que fué la intención de la Legislatura llegar a este resultado. Visto lo anterior, creemos que es una interpretación razonable de la frase "sitio de cualquier clase", usada en el contexto de la sección 3 y a la luz de la Ley núm.

---

(³) Véanse *Brinegar* v. *United States*, 338 U.S. 160; *Husty* v. *United States*, 282 U.S. 694; *Carroll* v. *United States*, 267 U.S. 132; *Best* v. *Commonwealth*, 268 S.W. 1088 (Ky., 1925); Anotación, 92 L.ed. 221; 1 Alexander, *Law of Arrest*, págs. 560, 595 *et seq.;* Cornelius, *Search and Seizure,* 2da. ed., págs. 200 et seq. *Cf. Pueblo* v. *Guzmán*, 34 D.P.R. 117.

220 en su totalidad, el decir que tal frase incluye los automóviles. Por tanto, la orden no era nula porque ordenaba el allanamiento de un automóvil.

■ La cuarta y última contención referente al allanamiento es que el juez municipal que la expidió "carecía de jurisdicción" para expedirla, bajo el artículo 506 del Código de Enjuiciamiento Criminal, ya que éste no podía determinar con certeza que el vehículo se encontraba en dicha fecha dentro de la jurisdicción de la corte. No estamos conformes. La declaración jurada decía que el acusado se dedicaba a la bolita en la ciudad de Ponce, y usaba el automóvil para ese fin en Ponce. La orden estaba dirigida a "cualquier agente de orden público en el distrito de Ponce, Puerto Rico". [4] Por consiguiente podía, y fué, válidamente ejecutada en Ponce. [5]

■ El siguiente señalamiento es que la evidencia fué insuficiente para establecer la culpabilidad del acusado fuera de duda razonable. La prueba del Pueblo fué al efecto de que nada se encontró en el automóvil o en su gaveta, sino que debajo del automóvil, entre el chasis y el tanque de gasolina, se encontraron un paquete de listas de bolita y algunos talonarios de bolipul. La prueba de la defensa fué que un cabo de la policía colocó un pedazo de papel sobre el hormigón de la calle, se hincó de rodillas y llamó a un policía para que lo cogiera. La corte inferior resolvió el conflicto en la evidencia a favor del Pueblo. El testimonio de los testigos del Pueblo, creído por la corte inferior, era suficiente para sostener la convicción del acusado.

*La sentencia del tribunal de distrito será confirmada.*

---

[4] *Pueblo* v. *Tonje,* supra; *Pueblo* v. *Aybar,* 68 D.P.R. 6.
[5] La Ley núm. 432, Leyes de Puerto Rico, 1950 ((1) pág. 1127), todavía no estaba en vigor.