KORBER & COMPAÑÍA, INC., DEMANDANTE Y APELANTE, *v.* ABOY, VIDAL & COMPAÑÍA, INC., DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª., en pleito sobre daños y perjuicios por incumplimiento de contrato.

MOCIÓN solicitando la desestimación de la apelación.

No. 1891.—Resuelto en julio 26, 1918.

APELACIONES—TÉRMINO PARA INTERPONERLAS.—El término para apelar de todas las sentencias y resoluciones comprendidas en el artículo 295 del Código de Enjuiciamiento Civil, de acuerdo con lo estatuído en la ley de 1911 referente a la materia, (Comp. 1911, p. 902) empezará a correr desde la fecha del archivo de la notificación de la sentencia o resolución con los autos.

FORMA DE COMPUTAR EL TÉRMINO.—El término de diez días fijado por el artículo 295, No. 3, del Código de Enjuiciamiento Civil, se computará excluyendo el primer día e incluyendo el último, según lo dispuesto en el artículo 388 del Código Político.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. Henry G. Molina.*

Abogado de la apelada: *Sr. Manuel Benítez Flores.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

La parte apelada pidió la desestimación del recurso porque habiéndose dictado la resolución recurrida por virtud de la cual se concedió la celebración de un nuevo juicio el 25 de junio de 1918, la apelación no se interpuso hasta el 6 de julio siguiente, esto es, cuando había ya transcurrido el término de ley.

La parte apelante acreditó con certificación expedida por el secretario de la corte de distrito que la copia del aviso de la resolución se había archivado el 26 de junio de 1918 y alegó que debiendo comenzar a contarse el término para apelar desde ese día, su recurso fué interpuesto dentro del período de tiempo fijado por la ley.

El artículo 295 del Código de Enjuiciamiento Civil, en su número 3, dispone que se podrá apelar de una providencia concediendo un nuevo juicio dentro de los diez días de dictada la providencia y de anotada en el libro de actas de la

corte o de archivada en la secretaría. (Comp. 1911, p. 902).

En 1911 se aprobó una ley por virtud de la cual se estatuyó ''que en todos los casos en que se pueda establecer el recurso de apelación, según lo provisto en la sección 295 del Código de Enjuiciamiento Civil, según fué enmendada en marzo 11 de 1908, será deber del secretario de la corte, enviar a la parte perjudicada, o a su abogado, al dictarse la sentencia, de la cual puede establecerse el recurso de apelación, una notificación escrita informándole que la sentencia ha sido dictada, o de la resolución de la corte, y una copia de esa notificación será archivada con los autos, y el término para establecer el recurso de apelación, empezará a correr desde la fecha del archivo de dicha notificación con los autos.'' (Comp. 1911, p. 902).

Aún cuando la redacción del precepto de ley que dejamos transcrito es confusa, no puede negarse que el nuevo sistema que se establece, a saber, el de la notificación de las sentencias y resoluciones apelables y el de que el término para apelar se cuente a partir del día en que se archive con los autos la notificación, abarca todas las sentencias y resoluciones comprendidas en el artículo 295 del Código de Enjuiciamiento Civil y por consiguiente aquella de que se trata en el presente caso.

La notificación empezó a correr aquí el 26 de junio de 1917. De acuerdo con lo dispuesto en el artículo 388 del Código Político (Comp. 1911, p. 621), el término de diez días fijado por el artículo 295, No. 3, del Código de Enjuiciamiento Civil, se computará excluyendo el primer día e incluyendo el último. Comenzando, pues, a contar el 27 de junio, terminan los diez días precisamente el 6 de julio en que la apelación fué interpuesta.

En tal virtud, debe declararse sin lugar la moción de los apelados.

                                    *Declarada sin lugar la moción.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.