LÓPEZ ET AL., DEMANDANTES Y APELADOS, *v.* SUCESIÓN QUIÑONES, DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Mayagüez, en pleito sobre nulidad de escritura y otros extremos.

No. 2126.—Resuelto en noviembre 13, 1919.

PRÓRROGA PARA RADICAR LA TRANSCRIPCIÓN—CÓMPUTO DE TÉRMINOS—DESESTIMACIÓN DE APELACIÓN.—En el presente caso, si bien el término legal para radicar la transcripción en la Corte Suprema vencía el 28 de septiembre de 1919, se concedió por el Tribunal Supremo a los apelantes, para tal radicación, una prórroga pedida en tiempo, de treinta días a contar desde el día 29 de dicho mes y año. Con fecha 29 de octubre, 1919, el apelante radicó una moción solicitando nueva prórroga de quince días para elevar la transcripción y el mismo día el apelado solicitó la desestimación del recurso por el fundamento de no haberse radicado la transcripción dentro de la prórroga concedida al apelante, la cual, según el apelado, venció el 28 de octubre de 1919. *Se resolvió:* no haber lugar a la desestimación porque aunque el término legal para elevar los autos venciera el 28 de septiembre, habiéndose concedido la prórroga de 30 días a partir del 29 de dicho mes, para computar el término de tal prórroga, de acuerdo con el artículo 338 del Código Político, debía excluirse el día 29, en cuyo caso la prórroga vencía el 29 de octubre, día en que fué radicada la segunda moción y no el 28 como pretendían los apelados.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Francisco Soto Gras* y *R. Siaca González.*

Abogados de los apelados: *Sres. Pascasio Fajardo, J. R. F. Savage* y *Fernando Vázquez.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Se encuentran sometidas a la consideración del tribunal dos mociones, una de la parte apelante sobre reconsideración y otra de la parte apelada sobre desestimación del recurso. Para resolverlas debidamente es necesario exponer con precisión los hechos ocurridos.

El 26 de septiembre último los apelantes presentaron una moción alegando que el término para archivar la transcripción de los autos vencía el 28 del propio mes y que debido a lo voluminoso de la misma les era imposible radicarla dentro de dicho término, por cuyo motivo solicitaban una. pró-

rroga de treinta días. A esa moción se proveyó el 27 de septiembre mandando a los apelantes que acreditaran debidamente la fecha en que se había aprobado la exposición del caso, o en su defecto, la del escrito de apelación. Así lo hicieron el 1 de octubre, y en 2 del propio mes se les concedió ''una prórroga de treinta días, a contar desde el día 29 de septiembre de 1919, para radicar en este tribunal la transcripción de los autos a los efectos de la apelación interpuesta.''

El 29 de octubre de 1919 a las 9 A. M. los apelantes archivaron una moción, fechada el día anterior, solicitando una nueva prórroga de quince días. Se alegó que la transcripción era voluminosa, que había sido preparada y no habiéndose podido obtener la conformidad de los abogados de los apelados para certificarla, se había remitido el secretario de la corte de distrito y este funcionario no había aun terminado el cotejo de la misma. El propio día 29 se negó la prórroga. Aun cuando no se expresó en la resolución, es lo cierto que el único fundamento que se tuvo para negarla fué el estimar que habiendo vencido el término el 28 de octubre, la gestión hecha el 29 lo había sido demasiado tarde. No hubo la intención de desestimar por ello la apelación. Al contrario, siguiendo la práctica establecida, se dictó la resolución ''sin perjuicio de los derechos que puedan asistir a las partes'', entre cuyos derechos se ha reconocido el de archivar la propia transcripción fuera de término. Debe consignarse aquí que la transcripción se archivó en efecto el día 1 de noviembre actual, que está certificada por el secretario de la corte de distrito y que contiene 146 páginas. De no haberse presentado la moción de la parte apelada el mismo día 29 de octubre a las 2 P. M., solicitando la desestimación del recurso por no haberse archivado la transcripción dentro del término expresamente concedido, dicha transcripción de hecho se hubiera considerado debidamente radicada y la apelación hubiera continuado tramitándose sin dificultad.

Tanto por virtud de la moción de reconsideración de los apelantes, cuanto por la de desestimación de los apelados, es necesario que examinemos la resolución de 29 de octubre último. Si el término había vencido el 28 de octubre, el caso sería enteramente favorable a los apelados y sólo concurriendo circunstancias muy claras en pro de los apelantes, podría continuar la tramitación del recurso. Pero si el término no vencía en realidad de verdad hasta el 29, entonces es evidente que no debe la apelación desestimarse.

El término de ley para archivar la transcripción vencía el 28 de septiembre. Si se contara la prórroga de treinta días concedida a partir de ese día, vencería el 28 de octubre. A nuestro juicio esta circunstancia fué la que motivó la resolución de 29 de octubre. Pero es lo cierto que al concederse, como ya hemos consignado, el 2 de octubre, la prórroga solicitada, se dijo expresamente que empezara a contarse a partir no del 28, sino del 29 de octubre. Y siendo esto así, de acuerdo con la ley y la jurisprudencia, es necesario reconocer que la prórroga no vencía hasta el 29 de octubre y, por tanto, que el escrito de los apelantes archivado en dicha fecha lo fué dentro de término.

El artículo 388 del Código Político, dice que "el tiempo en que cualquier acto prescrito por la ley debe cumplirse, se computará excluyendo el primer día e incluyendo el último, a menos que éste sea día de fiesta, en cuyo caso será también excluído." Excluyendo el 29 de septiembre, o sea el primer día, los treinta días vencían el 29 de octubre. No hay duda alguna sobre ello.

Ya esta Corte Suprema en el caso de *Belaval* v. *Todd,* 22 D. P. R., 129, 133, al practicar por sí misma la liquidación de un término de veinte días, dijo: "La moción sobre prórroga fué concedida a contar desde diciembre 18, habiendo expirado tal término en enero 7, 1915." Y en el de *Korber y Cía., Inc.* v. *Aboy, Vidal y Cía.,* 26 D. P. R. 651, 652, se expresó así: "La notificación empezó a correr aquí el 26 de junio de 1917. De acuerdo con lo dispuesto en el artículo

388 del Código Político (Comp. 1911, pág. 621), el término de diez días fijado por el artículo 295, No. 3, del Código de Enjuiciamiento Civil, se computará excluyendo el primer día e incluyendo el último. Comenzando, pues a contar el 27 de junio, terminan los diez días precisamente el 6 de julio en que la apelación fué interpuesta.''

Por virtud de lo expuesto, habiéndose ya archivado la transcripción, no es necesario conceder prórroga alguna, debiéndose limitar nuestra actuación a considerar como bien radicada la transcripción y en su consecuencia a declarar sin lugar la moción de la parte apelada solicitando la desestimación del recurso.

*Sin lugar la desestimación de apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociado Aldrey.

Los Jueces Asociados Sres. Wolf y Hutchison no intervinieron en la resolución de este caso.