PEDRO D'AZIZI, demandante y apelado, *v.* ENRIQUE ALCARAZ, demandado y apelante.

No. 4966.—*Sometido:* Enero 23, 1930. *Resuelto:* Enero 31, 1930.

*Angel A. Vázquez*, abogado del apelante; *A. R. de Jesús*, abogado del apelado.

Eʟ Juᴇz Asoᴄɪᴀᴅᴏ Sᴇñᴏʀ Huᴛᴄʜɪsᴏɴ, emitió la opinión del tribunal.

Los artículos 1387 y 1389, en parte, y el artículo 1393 del Código Civil leen como sigue:

"Artículo 1387.—El vendedor estará obligado al saneamiento por los defectos ocultos que tuviere la cosa vendida, si la hacen impropia para el uso a que se la destina, o si disminuyen de tal modo este uso que de haberlos conocido el comprador, no la habría adquirido, o habría dado menos precio por ella; . . . "

"Artículo 1389.—En los casos de los dos artículos anteriores, el comprador podrá optar entre desistir del contrato, abonándosele los gastos que pagó, o rebajar una cantidad proporcional del precio, a juicio de peritos . . . "

"Artículo 1393.—Las acciones que emanan de lo dispuesto en los cinco artículos precedentes se extinguirán a los seis meses, contados desde la entrega de la cosa vendida."

El demandado apela de una sentencia adversa en una acción entablada al amparo de los dos primeros artículos citados, solicitando una rebaja proporcional en el precio de la compra de una casa y su solar. Alega que la corte inferior cometió error al declarar sin lugar una excepción previa de falta de hechos suficientes para determinar una causa de acción; y al dictar una sentencia que no está sostenida por la prueba.

La contestación enmendada que se radicó un mes antes de la fecha en que se vió el caso va procedida de una excepción previa que especifica los dos fundamentos indicados en el señalamiento de errores. Nada hay que demuestre que se llamara la atención de la corte hacia este extremo en momento alguno antes de llamarse el caso para juicio, o que la excepción previa de falta de hechos suficientes para deter-

minar causa de acción fuese declarada sin lugar. El récord taquigráfico dice que después que las partes anunciaron estar listas para juicio se discutió la excepción previa que la contestación contiene, pero la única cuestión resuelta por la corte fué la de prescripción.

La contención del apelante respecto a falta de hechos suficientes para determinar causa de acción es que la demanda no especifica el uso a que se destinaba tanto la casa como el solar, ni alega que los defectos en cuestión hacían la propiedad inservible para tal uso. En cuanto no aparecen por inferencia razonable de otras alegaciones, estos hechos omitidos fueron suplidos por la prueba.

La escritura de enajenación fué otorgada en 5 de octubre de 1926. La demanda se radicó el 5 de abril de 1927.

En lo referente a la cuestión de prescripción, la resolución de la corte inferior se basó en el artículo 388 del Código Político, que dispone que:

"El tiempo en que cualquier acto prescrito por la ley debe cumplirse, se computará excluyendo el primer día e incluyendo el último, a menos que éste sea de fiesta, en cuyo caso será también excluído."

No hallamos conflicto alguno entre este artículo del Código Político y el 1393 del Código Civil que el apelante ha invocado en el sentido de que exige que el día de la entrega sea incluído al computarse el tiempo. Fuera de cualquier cuestión de horas, a diferencia de los días, la regla que excluye el primero e incluye el último día es meramente una de lógica y sentido común. Aun en ausencia de cualquier disposición legislativa que excluya el primer día, el incluirlo equivaldría a contar desde el día anterior, y no desde la entrega de la cosa vendida. Si el tiempo ha de medirse "desde la entrega de la cosa vendida," en verdad, aquella parte del día de la entrega que haya precedido al momento de la entrega no puede ser contada. Tampoco aparecen de la faz de la demanda la hora de la entrega de la cosa vendida ni la hora de la radicación.

Carecen igualmente de mérito la contención de que la sentencia no está sostenida por la prueba.

*Debe confirmarse la sentencia apelada.*