ALEJANDRO LAMOUR RIVERA, demandante y apelante, *v.* MANUEL LÓPEZ PÉREZ, demandado y apelado. ALEJANDRO LAMOUR RIVERA, demandante y apelante, *v.* MANUEL PÉREZ PÉREZ, demandado y apelado.

Nos. 5958 y 5959.—*Sometidos:* Marzo 7, 1932. *Resueltos:* Marzo 11, 1932.

*Diego O. Marrero y A. Lamour,* abogado del apelante; *Monserrat & Monserrat,* abogados del apelado.

Eʟ Jᴜᴇᴢ Aѕᴏᴄɪᴀᴅᴏ Sᴇñᴏʀ Aʟᴅʀᴇʏ, emitió la opinión del tribunal.

Las apelaciones en estos dos pleitos fueron interpuestas el 30 de junio de 1931 y han seguido el mismo curso. En ambas se ordenó al taquígrafo que preparase la transcripción de la evidencia habiéndosele concedido varias prórrogas para tal fin.

El apelado alega que la prórroga de un mes que el tribunal inferior concedió el 10 de septiembre para el taquígrafo a contar desde el 9 de septiembre, según dispone en su resolución, venció el 8 de octubre contando desde el 9 de septiembre, por lo que resulta nula la prórroga concedida después por haber sido solicitada el 9 de octubre, estando vencida la anterior y que por eso deben ser desestimadas las apelaciones; pero en el caso de *López* v. *Sucn. Quiñones,* 27 D.P.R. 859, 862, en el que se concedió una prórroga a contar desde determinada fecha, resolvió este tribunal que el término se contaba desde el día siguiente de acuerdo con el artículo 388 del Código Político, por lo que siguiendo esa doctrina el término concedido al apelante en estos casos vencía el 9 de octubre y no el día anterior como alegan los ape-

lados y por tanto cuando el 9 de octubre se solicitó otra prórroga no estaba vencida la anterior y es improcedente la desestimación por el motivo alegado.

El otro motivo aducido para que desestimemos estas apelaciones es que no han sido proseguidas con la debida diligencia porque se han retardado muchos meses por no haber consignado el apelante dinero para pagar al taquígrafo su trabajo.

Desde julio de 1931, hasta febrero, 1932, ha estado demorado el curso de estas apelaciones porque el apelante no consignaba dinero para pagar los derechos del taquígrafo por la transcripción de la evidencia interesada por él. El 1º de febrero de este año todavía no habían sido pagados todos los derechos al taquígrafo. El día 7 del presente mes y año ya estaba presentada la transcripción de la evidencia en la corte inferior según admitieron las partes ese día ante nosotros al ser oídas las mociones de desestimación que resolvemos.

La ley fija el término de veinte días para que el taquígrafo haga la transcripción de sus notas para la apelación, término que puede ser prorrogado por la corte, la que concedió las que le fueron solicitadas y también concedió prórrogas para que el apelante pagase al taquígrafo sus derechos. Los autos revelan que estas apelaciones se han demorado ocho meses porque el taquígrafo no hacía su trabajo hasta que se le pagasen los derechos que la ley le permite cobrar.

Un apelante que opta para su recurso por una transcripción de la evidencia hecha por el taquígrafo sabe que tiene que pagar los derechos arancelarios del mismo. Eso es una consecuencia de la apelación que interpone, por lo que debe estar preparado para ese evento si quiere que su apelación continúe, pues no tiene derecho a que las sentencias favorables a los apelados queden en suspenso mientras él consigue dinero para satisfacer al taquígrafo sus derechos.

Ocho meses de paralización por ese motivo de las apelaciones es una demora que justificaría la desestimación de la apelación, pero dadas las circunstancias de estos casos y en uso de nuestra facultad discrecional *no las desestimaremos*.