Francisco Nevares y Manuel Pereyó, peticionarios, *v.* Corte de Distrito de Mayagüez, Hon. Rodolfo Ramírez Pabón, Juez, demandada.

Núms. 1548 y 1549.—*Sometidos:* Enero 10, 1944. *Resueltos:* Marzo 21, 1944.

*Celestino Iriarte, F. Fernández Cuyar y H. González Blanes,* abogados de los peticionarios; *J. Martín Almodóvar Acevedo,* abogado de los interventores, demandantes en el pleito principal.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

El tres de julio de 1942 Ramón Sánchez Báez y otros, acogiéndose al procedimiento establecido por la Ley núm. 10 de 1917 ((2) pág. 217), radicaron en la Corte Municipal de San Germán bajo el número civil 356, una querella contra Francisco Nevares y Manuel Pereyó en reclamación de salarios.

Otra querella con igual propósito y contra los mismos demandados fué redicada el mismo día en la referida corte municipal bajo el número civil 357 por Pedro Linares y otros.

Celebrada la vista en ambos casos el 20 de noviembre de 1942, el día siguiente fueron dictadas las respectivas sentencias a favor de los demandantes por la cantidad total de $190.50 en el caso 356 y $102.50 en el 357. El mismo día, el 21 de noviembre de 1942, el Secretario de la Corte Municipal de San Germán envió por correo certificado al licenciado H. González Blanes a San Juan, Puerto Rico, una copia de dichas dos sentencias. Al calce de las mismas consignó en maquinilla:

"Notifíquese: Ledos. J. Martín Almodóvar, San Germán, P. R.; H. González Blanes, San Juan, P. R. Sres: Sírvanse quedar notificados de la anterior sentencia a los efectos legales pertinentes. San Germán, P. R., a 21 de diciembre de 1942. (Firmado) Pedro Legón Gutiérrez, Sec. Corte Municipal."

E inmediatamente más abajo consignó en manuscrito:

"Certifico: que con fecha de hoy Dic. 21/42 deposité en el correo de esta ciudad debidamente franqueado y registrado un sobre cerrado conteniendo copia exacta de esta sentencia dirigido al Ledo. H. González Blanes en San Juan, P. R., y que existe entre San Juan y esta ciudad de San Germán un servicio regular de correo. (Firmado) Pedro Legón Gutiérrez, Sec. Corte Mpal."

El 28 de diciembre de 1942 el licenciado González Blanes depositó en las oficinas de correo de esta ciudad, bajo sobre dirigido al secretario de la mencionada corte municipal, dos escritos de apelación para ante la Corte de Distrito de Mayagüez, correspondiendo dichos escritos respectivamente a los dos casos de que antes se ha hecho mérito. Recibidos por el secretario de la corte municipal dichos sobres, envió los autos de ambos casos a la Corte de Distrito de Mayagüez el 29 de diciembre de 1942. Ante la corte de distrito los demandantes en ambos casos presentaron una moción solicitando la desestimación de los dos recursos por haberse radicado los escritos de apelación después de haber vencido el plazo de cinco días que fija la sección 8 de la Ley núm. 10 de 14 de noviembre de 1917, según fué enmendada por la Ley núm. 40 de 17 de abril de 1935 ((1) pág. 239). Oídas las partes, la corte de distrito desestimó las dos apelaciones por falta de jurisdicción y para revisar las resoluciones desestimando las apelaciones, los demandados en dichas querellas presentaron ante este Tribunal las dos peticiones de *certiorari* que ahora nos ocupan.

Sostienen los demandados peticionarios que su abogado recibió la notificación de la sentencia el día 28 de diciembre de 1942, y que en el mismo día depositó en la oficina de correos de la ciudad de San Juan los dos escritos de apelación; que los días 25, 26 y 27 fueron feriados, y que el 28 fué el primer día hábil que tuvo para radicar los escritos de apelación; que la notificación de la sentencia es nula porque no se archivó en los autos una copia de la notificación que

exige la sección dos de la Ley de 9 de marzo de 1911 (pág. 238, Comp. 1911 §5339), debiéndose contar el plazo para apelar, de acuerdo con la ley últimamente citada, desde que dicha notificación se une a los autos; y por último, que el término de cinco días venció el 28 de diciembre, pero dada la distancia existente entre San Juan y San Germán, dicho término fué ampliado a virtud de lo dispuesto en el artículo 322 del Código de Enjuiciamiento Civil, a razón de un día por cada veinticinco millas de distancia entre la ciudad de San Juan y la de San Germán, por lo que necesariamente dicho término apelativo se extendió más allá del 29 de diciembre de 1942, fecha en la cual, según sostuvo la corte de distrito, se recibieron los escritos de apelación en la corte municipal. Invocaron además los peticionarios lo dispuesto en el párrafo ''e'' de la número seis de las Reglas de Enjuiciamiento Civil.

▮ La notificación que de la sentencia hizo el Secretario de la Corte Municipal de San Germán cumplió sustancialmente con lo dispuesto en la sección dos de la ley de 9 de marzo de 1911. El hecho de que el original del certificado de notificación se extendiese al calce de la sentencia y no en papel aparte no varía el efecto legal de la notificación.

▮ Normalmente el término de cinco días para radicar el escrito de apelación debió vencer el 25 de diciembre de 1942, pero dicho día es día feriado y el 26 fué sábado, día en que la corte estuvo cerrada, y siendo domingo el 27, el término se extendió hasta el 28 de diciembre de 1942. *Rey Gangas* v. *Domínguez Alvarez,* resuelto en 17 de febrero de 1944 (*per curiam*).

▮ Es un hecho no controvertido que el pliego conteniendo los escritos de apelación fué depositado en la oficina de correos de la ciudad de San Juan el día 28 de diciembre de 1942. No existe evidencia alguna de la hora en que se depositó el pliego ese día en la oficina de correos ni tampoco del día en que fué recibido en la secretaría de la Corte

Municipal de San Germán. Mas el juez de distrito llegó a la conclusión que como los escritos de apelación fueron enviados desde San Juan el 28 de diciembre y que como el secretario de la Corte Municipal de San Germán remitió los autos a la corte inferior el 29 de dicho mes, los escritos de apelación necesariamente fueron recibidos por el secretario de la corte municipal el 29 de diciembre y por consiguiente después de haber vencido el término para apelar. Aceptaríamos esa conclusión de la corte recurrida si fuere imposible dentro del servicio de correos existente en Puerto Rico en aquella fecha, que un pliego depositado en la oficina de correos de San Juan pudiese ser recibido en la ciudad de San Germán durante las horas laborables del mismo día. Pero la realidad es otra. Podemos tomar conocimiento judicial del hecho de que un pliego que salga de San Juan en el correo de las siete y veinte de la mañana, llega a San Germán el mismo día alrededor de las dos y media de la tarde. Como los interventores sostuvieron que los escritos de apelación llegaron el 29 de diciembre de 1942 y no probaron ese hecho que a ellos incumbía probar, debemos concluir a falta de evidencia en contrario, que los escritos de apelación pudieron ser recibidos por el Secretario de la Corte Municipal de San Germán el lunes 28 de diciembre de 1942 durante horas de oficina y por consiguiente no existe razón para sostener que la apelación no fué instituída dentro del término prescrito por la ley.

*Procede por lo expuesto anular las resoluciones de fecha 25 de octubre de 1943 dictadas por la corte recurrida en los dos casos que nos ocupan, y devolver los respectivos expedientes a la corte inferior para que reinstale dichos casos y continúe los procedimientos de acuerdo con la ley.*

El Juez Asociado Señor Snyder no intervino.