62

Manuel Sosa López, peticionario, *v.* Tribunal de Distrito de San Juan, Hon. Joaquín Correa Suárez, Juez, demandado; Junta de Salario Mínimo, interventora.

Núm. 6.—*Sometido:* Junio 3, 1949. *Resuelto:* Junio 13, 1949.

*Córdova & González* y *Alberto Picó,* abogados del peticionario; *Hon. Procurador General Vicente Géigel Polanco,* y *Ramón Cancio* y *Joaquín Gallart Mendía,* abogados los dos últimos del Departamento del Trabajo, abogados todos de la interventora, demandante en el pleito principal.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

El lunes 29 de marzo de 1948 la corte municipal dictó sentencia contra el peticionario en un caso de reclamación de salarios. Ese mismo día el secretario de la corte archivó en autos copia de la notificación de sentencia. El lunes 5 de abril de 1948 el peticionario radicó un escrito de apelación para ante la corte de distrito. El demandante radicó una moción de desestimación por el fundamento de que la apelación se había radicado fuera de término a tenor con la sec-

ción 8 de la Ley núm. 10, Leyes de Puerto Rico, 1917, Vol. II, (pág. 217), según fué enmendada por la Ley núm. 40, Leyes de Puerto Rico, 1935 ((1) pág. 239). Expedimos el auto de *certiorari* para revisar la resolución de la corte de distrito declarando con lugar la moción de desestimación.

■■ La primera cuestión a considerar en este caso es el significado de aquella disposición de la sección 8 al efecto de que la apelación deberá radicarse *"dentro de los cinco días de notificada la sentencia . . ."*. Hemos resuelto que en casos de reclamación de salarios los cinco días empiezan a contarse desde que el secretario de la corte archiva en autos copia de la sentencia. *Fog* v. *Corte,* 65 D.P.R. 161. También hemos resuelto en un ininterrumpido número de casos, en algunos de los cuales estaban envueltos estatutos que empleaban una terminología similar a la sección 8, que bajo el artículo 388 del Código Político,(1) al calcular el término fijado por la ley, se excluye el día en que el secretario archiva en autos copia de la notificación de sentencia. *Korber & Cía., Inc.,* v. *Aboy, Vidal & Cía.,* 26 D.P.R. 651; *López et al.* v. *Sucesión Quiñones,* 27 D.P.R. 859; *D'Azizi* v. *Alcaraz,* 40 D.P.R. 489; *Am. Col. Bank of P. R.* v. *Domenech, Tesorero,* 43 D.P.R. 889; *Boerman* v. *Herederos de Boerman,* 52 D.P.R. 611; *Parés* v. *Echandi,* 55 D.P.R. 163; *Cintrón* v. *Insular etc., y Balbaño,* 58 D.P.R. 821; *Buscaglia* v. *Tribunal de Contribuciones,* 69 D.P.R. 514. *Cf. Destilería Serrallés, Inc.* v. *Buscaglia, Tes.,* 66 D.P.R. 649; *Union National Bank* v. *Lamb,* 337 U.S. 38, resuelto el 16 de mayo de 1949.

Es cierto que en *Nevares* v. *Corte,* 63 D.P.R. 274, 277, hicimos una inadvertida manifestación de la cual podría inferirse que estábamos aplicando la regla de que en el cálculo se incluye el día en que se archiva en autos la copia de la

---

(1)Dicho artículo prescribe así: "El tiempo en que cualquier acto prescrito por la ley debe cumplirse, se computará excluyendo el primer día e incluyendo el último, a menos que éste sea día de fiesta, en cuyo caso será también excluído."

notificación de sentencia. Pero dicho lenguaje no era necesario para la decisión del caso, y no representa la ley.[2]

En vista de lo anteriormente expuesto, excluyendo el lunes, 29 de marzo, los cinco días provistos por la sección 8 expiraron el sábado, 3 de abril de 1948. Pero el peticionario sostiene y convenimos con él en que toda vez que las cortes de ordinario están cerradas los sábados y los domingos, tenía hasta el lunes, 5 de abril para radicar su apelación.

El demandante arguye que la corte municipal aquí envuelta estaba de hecho abierta los sábados, y estaba abierta ese sábado específico. A ese efecto ha acompañado una certificación del secretario de dicha corte. Pero una regla de derecho no puede predicarse en los hábitos subjetivos de determinado juez municipal. Desde el 1942, de conformidad con un boletín administrativo del Gobernador el cual, hasta donde sepamos, nunca ha sido derogado o modificado, las cortes municipales y de distrito han permanecido de ordinario cerradas lo sábados. Hemos tomado conocimiento judicial de esa situación y, aplicándole el artículo 388, hemos excluído los sábados y domingos cuando el último día para radicar escritos de apelación ha caído en sábado. *Buscaglia, Tes.* v. *Tribl. de Contribuciones,* 67 D.P.R. 28; *Nevares* v. *Corte,* supra, pág. 277; *Rey Gangas* v. *Domínguez Alvarez,* resuelto el 17 de febrero de 1944 (*per curiam*). No vemos motivo para cambiar esa regla.[3]

Creemos propio llamar la atención de la Asamblea Legislativa hacia el hecho de que la regla aquí establecida tendría un cimiento mucho más firme si estuviera basada en una ley

---

[2] En ese caso la notificación de sentencia fué archivada en autos el lunes 21 de diciembre de 1942. Dijimos a la pág. 277: ''Normalmente el término de cinco días para radicar el escrito de apelación debió vencer el 25 de diciembre de 1942, pero dicho día es día feriado y el 26 fué sábado, día en que la corte estuvo cerrada, y siendo domingo el 27, el término se extendió hasta el 28 de diciembre de 1942.'' Ese lenguaje es erróneo en tanto en cuanto incluyó el día de la notificación al hacer el cálculo.

[3] *Cf.* Regla 6(a), Reglas de Enjuiciamiento Civil; *Lucchetti* v. *Corte,* 66 D.P.R. 103.

específica de dicha Asamblea más bien que en una orden ejecutiva del Gobernador y en la práctica general de las cortes a tenor con la misma.

*La resolución de la corte de distrito será revocada y se devolverá el caso con instrucciones de oír la apelación en los méritos.*