JOSÉ RULLÁN MAYOL, demandante y apelante, *v.* SECRETARIO DE HACIENDA, demandado y apelado.

Número 10973.
*Sometido:* 1 de febrero de 1955. *Resuelto:* 30 de junio de 1955.

*J. J. Ortiz Alibrán*, abogado del apelante; *Hon. Secretario de Justicia José Trías Monge* y *José A. García Malpica, Procurador Auxiliar*, abogados del apelado.

## SENTENCIA

Se confirma la sentencia apelada que dictó el Tribunal Superior, Sala de San Juan, con fecha 20 de febrero de 1953, en el caso de epígrafe.

Así lo pronunció y manda el Tribunal y firma el señor Juez Presidente. El Juez Asociado Sr. Belaval concurre con el resultado en opinión por separado.

A. C. SNYDER,
*Juez Presidente.*

Certifico:

IGNACIO RIVERA,
*Secretario.*

Opinión concurrente del Juez Asociado señor Belaval.

El día 23 de junio de 1952, el señor Secretario de Hacienda le notificó a don José Rullán Mayol una resolución administrativa, donde le imponía cierta contribución sobre la propiedad. De acuerdo con la sec. 2 de la Ley núm. 1 de 27 de septiembre de 1951 (Leyes de 1951–52, pág. 93), el contribuyente tenía ciento ochenta días para apelar de dicha resolución, ante el anterior Tribunal de Contribuciones de Puerto Rico. Los ciento ochenta días vencían el 20 de diciembre de 1952, cuyo día resultaba ser sábado. Dicho sábado estaba incluído como día hábil, en el Boletín Administrativo núm. 26 de 15 de diciembre de 1952, expedido por el señor Gobernador de Puerto Rico, para reorganizar los períodos de trabajo de las navidades del 1952 y de las fiestas de inauguración del nuevo Gobernador electo, que concedía como días de asueto, desde el medio día del día 24 de diciembre hasta el jueves 25 de diciembre, y desde el jueves 1ro. de enero hasta el martes 6 de enero, y ordenaba que se trabajara todo el día durante los sábados 20 y 27 de diciembre de 1952. Creyendo que el sábado 20 de diciembre de 1952 era día inhábil, el contribuyente en vez de radicar su apelación el sábado, 20 de diciembre de 1952, que era el último día del término de apelación, la radicó el lunes siguiente 22 de diciembre de 1952. El señor Secretario de Hacienda solicitó

la desestimación de la apelación, por estar radicada fuera de término, y la ilustrada Sala sentenciadora dictó sentencia declarando la apelación interpuesta fuera de término, de cuya sentencia ha apelado el contribuyente, señalando como único error, haberse declarado la ilustrada Sala sentenciadora sin jurisdicción por estar radicada la apelación fuera de término.

El art. 387 del Código Político de Puerto Rico de 1ro. de marzo de 1902, dispone: "los días de fiesta *en el sentido de este Código* son: los domingos, el primero de enero, el día veinte y dos de febrero, el día 22 de marzo, el viernes Santo, el día 30 de mayo, el cuatro de julio, el veinte y cinco de julio, el primer lunes de septiembre que será conocido como el día de fiesta del trabajo, el día veinte y cinco de diciembre, todos los días en que se celebren elecciones generales en la Isla y *cada día fijado* por el Presidente de los Estados Unidos, *por el Gobernador de Puerto Rico*, o por la Asamblea Legislativa para la celebración del día de ayuno, día de acción de gracias, o *día de fiesta*. Siempre que cualquiera de dichos días ocurriere en domingo, será día de fiesta el lunes siguiente."

Los arts. 10 y 11 del Código de Enjuiciamiento Civil de Puerto Rico de 10 de marzo de 1904 disponen: 10—"Las cortes deberán celebrar sesión y despachar los asuntos judiciales en cualquier día, exceptuándose lo dispuesto en el artículo siguiente"; 11—"No podrá actuar ninguna corte, ni despachar ningún asunto judicial, los domingos, el primero de enero, el cuatro de julio, el día de navidad, el de dar gracias, y el día en que tenga lugar una elección general, a no ser para lo siguiente: 1—para dar instrucciones a un jurado, a petición de éste, cuando estuviere deliberando sobre el veredicto, 2—para recibir el veredicto de un jurado o para disolver éste, 3—para actuar un Juez en una causa o procedimiento criminal; *disponiéndose*, que en pleitos civiles podrán dictarse y ejecutarse órdenes de arresto, dictarse y notificarse autos de embargo, ejecuciones, *injunctions* y autos prohibitorios, entablarse procedimientos para recobrar la posesión de propiedad mueble y promoverse pleitos en cualquier día para obtener cualquiera de esos autos y procedimientos."

Como se ve, la Asamblea Legislativa de Puerto Rico entendió desde sus comienzos, que los organismos ejecutivos y los organismos judiciales, por ciertas peculiaridades de su funcionamiento, no debían unificarse en cuanto al cese de sus tareas oficiales, existiendo un estatuto distinto y una práctica diferente, para los asuntos político-administrativos, y un estatuto distinto y una práctica diferente para los asuntos judiciales. Los tribunales se mantenían cerrados durante ciertos días, excepto para algunas funciones de carácter extraordinario, las cuales podían desempeñar en cualquier día.

La sec. 9 de la Ley núm. 88 de 11 de mayo de 1931 (pág. 535) creando la Comisión de Servicio Civil de Puerto Rico, disponía que: "la Comisión de Servicio Civil dictará reglas para la ejecución de esta Ley, las cuales una vez aprobadas por el Gobernador, serán promulgadas y tendrán la fuerza y vigor de Ley, siempre que no estén en conflicto con esta Ley". En virtud de esa autoridad se promulgó la Regla XLIX, que comenzó a regir el 11 de mayo de 1942, que disponía: "será deber del Jefe de cada departamento y de los demás servicios públicos del Gobierno Insular de Puerto Rico requerir de todos los empleados, de cualquier grado o clase, en los varios departamentos y oficinas no menos de siete horas y media diarias de trabajo, sin excluir el tiempo para almorzar y excluyendo los *sábados*, domingos, días festivos y los días de licencia concedidos de acuerdo con la Regla XXXIX; pero el Jefe de cualquier departamento u otro servicio público del Gobierno Insular de Puerto Rico podrá aumentar las horas de trabajo que aquí se especifican para cualquiera o para todos los empleados en su oficina cuando, en su opinión, las necesidades del servicio público, en el negociado que estuviere bajo su dirección, requirieren dicho aumento."

Fué en virtud de esa orden que se declaró día feriado el sábado para todos los empleados de cualquier grado o clase en los varios departamentos y "demás servicios públicos del Gobierno Insular." Ahora bien, ¿estaban incluídos dentro de dicha orden, los funcionarios y empleados de la rama ju-

dicial? Es absolutamente claro que no estaban incluídos. En primer lugar, la sec. 4 (*i*) de la Ley núm. 88 de 11 de mayo de 1931, excluía expresamente del Servicio Civil a "todos los funcionarios del servicio judicial (no incluídos en cualquiera otra forma en el servicio no clasificado)", refiriéndose esta aclaración a todos los funcionarios nombrados por el Gobernador mediante el concurso y consentimiento del Senado", que también aparecían excluídos en virtud del inciso (*b*), de la misma sec. 4. En segundo lugar, siendo los funcionarios nombrados por el Gobernador mediante el consejo y consentimiento del Senado, los jueces, fiscales, secretarios y alguaciles, excluídos en virtud del inciso (*b*), resultaban excluídos asimismo en virtud del inciso (*i*), el resto de los funcionarios judiciales. En tercer lugar, la sec. 5 de la Ley 88 de 11 de mayo de 1931, hacía aplicables las disposiciones de la Ley y "las reglas aprobadas conformes a la misma" a los funcionarios o empleados dentro del Servicio Civil clasificado que comprendería "todos los funcionarios o empleados del Gobierno Insular de Puerto Rico no específicamente comprendidos en la sección 4 de esta Ley". En cuarto lugar, los funcionarios y empleados no nombrados por el Gobernador con el consentimiento del Senado, eran nombrados o por los propios funcionarios judiciales, o por el Procurador General de Puerto Rico, a propuesta de los propios funcionarios judiciales; sus funciones no estaban clasificadas, de acuerdo con la sec. 13 de la Ley núm. 88 de 11 de mayo de 1931; sus nombres no estaban dentro de las listas de elegibles y sus nombramientos no estaban sometidos a terna de acuerdo con la sec. 22. En quinto lugar, y ya refiriéndonos exclusivamente al organismo judicial concernido, cuando se crea el Tribunal del Distrito Judicial de San Juan, en virtud de la Ley núm. 212 de 26 de marzo de 1946 ((1) pág. 395), de acuerdo con los arts. 6 y 13 de dicha ley, los Jueces, Secretarios y Alguaciles del tribunal, eran nombrados por el Gobernador de Puerto Rico con el consejo y consentimiento del Senado. Con la aprobación del Procurador General y de la mayoría de los Jueces,

los Secretarios y Alguaciles nombraban los Sub-Secretarios primeros, los Sub-Secretarios segundos, los Alguaciles primeros y los Alguaciles segundos. Con la aprobación del Procurador General y de la mayoría de los Jueces, el Secretario nombraba al archivero y a los dos archiveros auxiliares. Por su propia cuenta y por mayoría, los Jueces nombraban los taquígrafos de Sala, los oficiales probatorios, los trabajadores sociales, los oficinistas, los taquígrafos de secretaría, los conserjes y los mensajeros. Cada uno de los Jueces y Fiscales nombraba su propio taquígrafo. Los Fiscales nombraban los taquígrafos de sus auxiliares. El oficinista para el Procurador de la Corte de Niños era nombrado por éste con la aprobación del Procurador General. Ninguno de estos nombramientos estaba sujeto al servicio civil clasificado. En sexto lugar, cuando se crea el Tribunal de Apelación de Contribuciones de Puerto Rico en virtud de la ley núm. 172 de 13 de mayo de 1941 ((1) pág. 1039), de acuerdo con la sec. 1 de dicha Ley, según quedó enmendada por la Ley 169 de 15 de mayo de 1943 (pág. 601), el Gobernador de Puerto Rico, con el consejo y consentimiento del Senado, nombraba los Miembros del Tribunal, el Secretario y el Alguacil; y el Tribunal por su propia cuenta nombraba, "todos aquellos empleados subalternos que fueren necesarios para su mejor funcionamiento", ninguno de cuyos nombramientos estaba sujeto al servicio civil clasificado.

La Ley núm. 345 de 12 de mayo de 1947 ((1) pág. 595), según subsiguientemente enmendada, creando la Oficina de Personal, es el primer intento legislativo de unificar a todos los funcionarios y empleados de la rama ejecutiva y la rama judicial en un sistema central de servicio civil. La sec. 2 (4) al definir lo que se entiende por "Servicio Insular" o "Gobierno Insular", dispone que: "incluirá todos aquellos cargos y puestos al servicio de El Pueblo de Puerto Rico, así como también cargos y puestos en corporaciones públicas que son instrumentalidades de El Pueblo de Puerto Rico y comprenderá los siguientes grupos de cargos o puestos: (a)

servicio exento (*b*) servicio sin oposición (*c*) servicio por oposición". La sec. 2(5) define como autoridad nominadora "cualquier funcionario o agencia con facultad legal para hacer nombramientos para puestos en el Servicio Insular". En cuanto a los anteriores Tribunales del Distrito Judicial de San Juan y el Tribunal de Apelación de Contribuciones de Puerto Rico se refiere, la autoridad nominadora, con términos generales, siguió siendo la misma, hasta que se aprobó la Ley núm. 432 de 15 de mayo de 1950 (pág. 1127), estableciendo la Ley Orgánica de la Judicatura de Puerto Rico, cuyos arts. 7, 20 y 31 establecieron las siguientes variantes en la *autoridad nominadora*: el Gobernador de Puerto Rico con el consejo y consentimiento del Senado, era la Autoridad nominadora para los Jueces de Paz, Jueces Municipales, los Jueces Municipales Generales, los Jueces de Distrito, los Jueces de Distrito Generales, los Secretarios, los Alguaciles, los Fiscales, los Fiscales Auxiliares, los Fiscales Especiales Generales, y el Procurador para el Tribunal Tutelar de Menores; el Procurador General de Puerto Rico era la *autoridad nominadora* para el resto de todo el otro personal provisto por Ley para dichos Tribunales, estando los cargos de Subsecretarios y Alguaciles Auxiliares incluídos en el servicio sin oposición y los Subsecretarios Generales fuera de la Ley de Personal.

Esta era la situación que prevalecía en el 1952 cuando se adopta la Constitución del Estado Libre Asociado de Puerto Rico y se aprueba la Ley núm. 11 de 24 de julio de 1952, "Ley de la Judicatura del Estado Libre Asociado de Puerto Rico". Armonizando las disposiciones de la sec. 8 de la Ley núm. 345 de 12 de mayo de 1947, creando la Oficina de Personal, según queda enmendada por la Ley núm. 30 de 8 de junio de 1948 ((2) pág. 83), la Ley núm. 323 de 13 de mayo de 1949 ((1) pág. 973), la Ley núm. 391 de 11 de mayo de 1950 (pág. 931), la Ley núm. 13 de 7 de marzo de 1951 ((1) pág. 31), y la Ley núm. 12 de 24 de julio de 1952 ((2) pág. 59), con las disposiciones de la sec. 3 de la Ley núm. 11 de 24

de julio de 1952, estableciendo la "Ley de la Judicatura del Estado Libre Asociado de Puerto Rico", resultan dentro del servicio exento: los Jueces, los Fiscales, los Secretarios, los Alguaciles, los defensores públicos; dentro del servicio sin oposición, los Secretarios de los Jueces, los auxiliares de los Secretarios, los auxiliares de los Alguaciles; dentro del Servicio por oposición, "todo otro personal necesario para el Tribunal", y resulta "autoridad nominadora": para Jueces, (secs. 12, 17, 21), el Gobernador de Puerto Rico; para Secretarios y auxiliares de los Secretarios, (sec. 3), el Juez Presidente del Tribunal Supremo; para Alguaciles, (sec. 3), el Gobernador de Puerto Rico, para los auxiliares de los Alguaciles, (sec. 3), los propios alguaciles; para todo "otro personal necesario para el Tribunal", (sec. 3), el Juez Presidente del Tribunal Supremo.

Veamos ahora, cuál es la situación en cuanto a días hábiles para el funcionamiento de los Tribunales. La Ley núm. 345 de 12 de mayo de 1947, según subsiguientemente enmendada, creando la Oficina de Personal, derogó expresamente por su sec. 40, la Ley núm. 88 de 11 de mayo de 1931, que creaba la Comisión de Servicio Civil de Puerto Rico. Además por su sec. 28, según quedó enmendada por la Ley núm. 23 de 7 de junio de 1948 ((2) pág. 71), la Ley de la Oficina de Personal, dispone: "las reglas prescribirán las horas de trabajo, *los días feriados*, la asistencia y las licencias por vacaciones y enfermedad y las licencias especiales por causa justificada, con paga o sin paga, según fuere el caso" y dispone en su sec. 7(a): "la Junta, previa la recomendación del Director y la celebración de una audiencia pública, dictará reglas que no estén en conflicto con la presente, para la ejecución de esta Ley, las cuales una vez aprobadas por el Gobernador serán promulgadas y tendrán fuerza de ley; para la adopción de tales reglas, el Director formulará dentro de un término de tres (3) meses a partir de la vigencia de esta Ley, un proyecto de reglas que someterá a la Junta. Dentro de los siguientes sesenta (60) días, la Junta celebrará

una audiencia pública, después de la cual podrá aprobar, modificar o rechazar el proyecto de reglas sometido por el Director y adoptará las que considere necesarias para llevar a cabo las disposiciones de esta Ley; las reglas así adoptadas serán sometidas al Gobernador para su aprobación final y promulgación; *las reglas aprobadas por la Comisión de Servicio Civil* de acuerdo con las disposiciones de la Ley número 88 aprobada en 11 de mayo de 1931, según ha sido subsiguientemente enmendada *continuarán en vigor*, en todo aquello que no estuviere en conflicto con esta Ley, *hasta la promulgación de las reglas que serán adoptadas de acuerdo con las disposiciones de esta Ley. . . .*" (Bastardillas nuestras.)

Las nuevas reglas de personal fueron promulgadas el 9 de septiembre de 1952. En virtud de ellas quedó sin efecto la anterior Regla XLIX de Servicio Civil que se suponía había feriado para la rama judicial el día sábado. Los incisos 1 y 3 de la nueva Regla 8 disponen: 1—Horas de trabajo: "la jornada semanal de trabajo para los empleados en el servicio por oposición y el servicio sin oposición será no menor de 37½ horas ni mayor de 48 horas sobre la base de 5 ó 6 días laborables, pero en ningún caso la jornada diaria excederá de 8 horas; *cada autoridad nominadora establecerá, dentro de los límites anteriores*, la duración de la jornada semanal para sus empleados y fijará las horas diarias de trabajo de los mismos. Asimismo, *cada autoridad nominadora adoptará la reglamentación que estime conveniente* para llevar constancia de la asistencia de sus empleados, de acuerdo con el horario de trabajo establecido por ella y notificará dicha reglamentación al Director;" 3—días feriados: "los días que se enumeran a continuación, *así como aquellos otros que mediante proclama del Gobernador sean declarados festivos*, serán días de fiesta legal para los *empleados del servicio por oposición y el servicio sin oposición*:

"1. 1ro. de enero     Día de Año Nuevo  
"2. 6 de enero     Día de Reyes  
"3. 11 de enero     Natalicio de Eugenio María de Hostos

| | |
|---|---|
| "4. 22 de febrero | Natalicio de Jorge Washington |
| "5. 22 de marzo | Día de la Abolición de la Esclavitud |
| "6. Movible | Viernes Santo |
| "7. 16 de abril | Natalicio de José de Diego |
| "8. 30 de mayo | Día de los Muertos de la Guerra |
| "9. 4 de julio | Día de la Independencia de los Estados Unidos |
| "10. 17 de julio | Natalicio de Luis Muñoz Rivera |
| "11. 25 de julio | Día de la Constitución |
| "12. 27 de julio | Natalicio de José Celso Barbosa |
| "13. Primer lunes de septiembre | Día del Trabajo y de Santiago Iglesias |
| "14. 12 de octubre | Día del Descubrimiento de América |
| "15. Movible | Día de las Elecciones Generales |
| "16. 11 de noviembre | Día del Armisticio |
| "17. 19 de noviembre | Día del Descubrimiento de Puerto Rico · |
| "18. Cuarto jueves de · noviembre | Día de Acción de Gracias |
| "19. 25 de diciembre | Día de Navidad"; |

"si cualquiera de los días feriados arriba mencionados cayere en domingo, la festividad del mismo será observada el día siguiente; nada de lo dispuesto en esta sección tendrá aplicación a aquellos empleados a quienes por la naturaleza especial de los servicios que prestan se les requiera *que trabajen los domingos o días feriados.*"

En las nuevas Reglas de Personal se le reserva al Gobernador de Puerto Rico su facultad de declarar cualquier día como día feriado, se considera como día de asueto el domingo,

eliminándose el sábado como día de asueto, y en cuanto a la distribución de trabajo, dentro de un período semanal no menor de 37½ horas ni mayor de 48 horas, se deja a discreción de la autoridad nominadora dicha distribución.

Para hacerle frente a la objeción del demandante y apelante, en el sentido que en todo lo referente a horas de trabajo y días feriados, la reglamentación de los tribunales, después de adoptada nuestra Constitución, es totalmente independiente de la reglamentación adoptada para la rama ejecutiva del gobierno, nos vemos obligados a examinar dicha cuestión. Cuando se reune la Convención Constituyente de Puerto Rico ya se ha adoptado el sistema de servicio civil que comprende la Ley núm. 345 de 12 de mayo de 1947, según subsiguientemente enmendada. Las actas de la Convención Constituyente de Puerto Rico, pág. 232, revelan, que en relación con la adopción de la Sección 7 del Artículo V de nuestra Constitución, no hubo discusión parlamentaria. Para la adopción de dicha sección, la Convención Constituyente siguió el informe de la Comisión de la Rama Judicial, que extractado en sus partes pertinentes, dice así: "sección 9.—*El Tribunal Supremo adoptará reglas para la administración de los tribunales de justicia de Puerto Rico. Dichas reglas estarán sujetas a las leyes sobre personal, fiscalización y asignación de fondos, suministros y otras leyes análogas de aplicación general a todas las ramas del gobierno. El Juez Presidente dirigirá la administración de todos los tribunales y nombrará un director administrativo que desempeñará su cargo a voluntad del Juez Presidente*: se recomienda que se traspase al Tribunal Supremo la facultad de administrar los tribunales de justicia de Puerto Rico, *facultad que se viene ejerciendo por el Procurador General.* La Comisión entiende que las disposiciones de esta sección contienen garantías básicas de la independencia del Poder Judicial. La Rama Ejecutiva no debe intervenir en función que es tan claramente de índole judicial. La Comisión hace constar que el término 'administración', usado en esta sección,

comprende, sin que se entiendan excluídas otras similares y análogas, las siguientes funciones:—1. compilar estadísticas y preparar informes; 2. alquiler locales, comprar y proveer equipo y servicios; 3. conceder licencias y vacaciones a funcionarios y empleados; 4. investigar quejas y formular cargos, ante la autoridad correspondiente, contra funcionarios y empleados; 5. autorizar desembolsos dispuestos por ley y supervisar las cuentas de todos los tribunales; 6. asignar y trasladar jueces; 7. aprobar reglamentos para las distintas cortes; 8. supervisar los tribunales; *nada en esta sección deberá entenderse en el sentido de limitar la aplicación de las leyes sobre personal, fiscalización y asignación de fondos, suministros y otras leyes análogas de aplicación general a todas las ramas del Gobierno;* se ha creído conveniente designar al Juez Presidente como la persona encargada de la administración de los tribunales y se le autoriza a nombrar un director administrativo que desempeñará el cargo a voluntad del Juez Presidente."

Como se ve, el poder de reglamentación conferido al Tribunal Supremo por nuestra Constitución, está sujeto "*a las leyes relativas a suministros, personal, asignación y fiscalización de fondos y a otras leyes aplicables en general al Gobierno.*" Por lo tanto nuestra Constitución no le reconoció a este Tribunal, el poder tradicional de reglamentar independientemente de las otras ramas del Gobierno, el sistema judicial en lo referente a días hábiles o inhábiles. Tampoco se lo reconoció, la sec. 2 de la Ley núm. 11 de 24 de julio de 1952, conocida como Ley de la Judicatura del Estado Libre Asociado de Puerto Rico; La Regla de Personal núm. 8 inciso 2, faculta a nuestro Juez Presidente, en todos aquellos casos que nuestro Juez Presidente resulte *autoridad nominadora* de empleados de la rama judicial, clasificados dentro del servicio sin oposición y el servicio por oposición, a establecer la duración de la jornada semanal y las horas diarias de trabajo, siempre que estén comprendidas dentro del límite mínimo de 37½ horas y el límite máximo de 48 horas;

el inciso 2 le dá asimismo facultad para conceder licencias compensatorias, cuando por necesidad del servicio, se requiera a cualquier empleado de la rama judicial que trabaje más de 48 horas semanales o 8 horas diarias o durante los días feriados.

Tanto de acuerdo con las disposiciones del art. 387 del Código Político de Puerto Rico del 1902, como de acuerdo con el inciso 3 de la Regla de Personal núm. 8, promulgada el 9 de septiembre de 1952, en virtud de la autoridad conferida por la sec. 7 (a) de la Ley núm. 345 de 12 de mayo de 1947, según enmendada, creando la Oficina de Personal, el Gobernador de Puerto Rico puede declarar feriado cualquier día de trabajo oficial, y su declaración sería obligatoria tanto para la rama ejecutiva como para la rama judicial del Gobierno de Puerto Rico, con la consiguiente interrupción en las tareas oficiales, menos en aquellos casos donde la naturaleza de los servicios públicos exijan una tarea continua. Ahora bien lo que principalmente arguye el demandante y apelante, es que habiéndose declarado el sábado día de asueto, y por lo tanto inhábil para el despacho de asuntos judiciales, el Gobernador de Puerto Rico no tenía autoridad el 15 de diciembre de 1952 para declararlo día hábil. Hemos acotado la legislación anterior aplicable extensamente con el objeto de confrontarnos adecuadamente con esta objeción.

Es cierto que el Gobernador de Puerto Rico resulta autoridad nominadora, y por lo tanto podría reorganizar la jornada semanal de trabajo de acuerdo con la Regla de Personal núm. 8, en cuanto a algunos funcionarios judiciales, pero también es cierto que dichos funcionarios judiciales están dentro del servicio exento de acuerdo con la sec. 8 (a) de la Ley núm. 345 creando la Oficina de Personal, y por lo tanto, la Regla de Personal núm. 8 no le sería aplicable a los funcionarios judiciales de quienes el Gobernador de Puerto Rico resulta autoridad nominadora. Siendo esto así, se puede concluir con bastante seguridad, que el Gobernador de Puerto Rico no tiene autoridad, en cuanto a los funciona-

rios judiciales se refiere, para declarar día hábil un día que haya sido declarado inhábil por la Asamblea Legislativa de Puerto Rico o por los reglamentos judiciales adoptados de acuerdo con la Constitución del Estado Libre Asociado de Puerto Rico, o por la otra autoridad nominadora de la rama judicial, que es el Juez Presidente del Tribunal Supremo de Puerto Rico.

Ahora bien, aunque el Gobernador de Puerto Rico no tenga facultad para declarar hábil el día sábado para la rama judicial, también debemos cerciorarnos si el sábado ha sido declarado día inhábil por alguna disposición de ley que resulte mandatoria. Ni el art. 387 del Código Político del 1902, ni los arts. 10 y 11 del Código de Enjuiciamiento Civil de 1904 declararon el sábado día inhábil para el despacho de asuntos judiciales. Es cierto que la anterior Regla XLIX de la Comisión de Servicio Civil que comenzó a regir el 11 de mayo de 1942, lo declaró día inhábil para el desempeño de cualquiera tarea pública, pero no es menos cierto, que los funcionarios y empleados de la rama judicial nunca estuvieron comprendidos dentro del servicio civil clasificado, y siguieron rigiéndose en cuanto a días de fiesta por las disposiciones del art. 387 del Código Político de 1902 y en cuanto a días de trabajo o días hábiles por los reglamentos de los propios tribunales, teniendo en cuenta las disposiciones permisivas o restrictivas de los arts. 10 y 11 del Código de Enjuiciamiento Civil de 1904. Tan es así, que estando en vigor la Regla XLIX de Servicio Civil, el Tribunal Supremo de Puerto Rico promulgó el 1ro. de septiembre de 1943 la Regla 77 de las Reglas de Enjuiciamiento Civil para las Cortes de Puerto Rico que extractada en sus partes pertinentes, dispone: "(a) *Cortes siempre abiertas:* las cortes se considerarán siempre abiertas para los fines de archivar cualquier alegación u otro documento pertinente, expedir y hacer constar el diligenciamiento de mandamientos interlocutorios, y finales y hacer y dirigir todas las mociones interlocutorias, órdenes y reglas . . . (c) la oficina del Secretario con éste o con un se-

cretario auxiliar allí presente, estará abierta durante las horas laborables en todos los días *con excepción de los domingos y días de fiesta legal*", lo cual armoniza en parte con las disposiciones del art. 10 del Código de Enjuiciamiento Civil de 1904 y las disposiciones del art. 387 del Código Político de Puerto Rico del 1902, y promulgó en la misma fecha la Regla 6 de las Reglas de Enjuiciamiento Civil para las Cortes de Puerto Rico, que en cuanto a términos judiciales, dispone: "en la computación de cualquier término prescrito o concedido por estas reglas, por orden de la corte, o por cualquier estatuto aplicable, no deberá contarse el día en que se realice el acto, evento o incumplimiento después del cual el término fijado empieza a correr; el último día del término así computado deberá incluirse *siempre que no sea domingo o día feriado*, en cuyo caso el término se extenderá hasta el fin del próximo día, *que no sea domingo o día feriado*", lo cual armoniza con las disposiciones similares del art. 387 del Código Político de Puerto Rico de 1902.

Pero aún partiendo del supuesto que la Regla XLIX de Servicio Civil que declaraba el sábado día inhábil para las tareas oficiales, fuera aplicable a la rama judicial, dichas reglas dejaron de estar en vigor desde el día 9 de septiembre de 1952, fecha en que entraron en vigor las Reglas de Personal, cuya Regla núm. 8 inciso 1 dispone que la jornada semanal de trabajo para los empleados en el servicio por oposición y en el servicio sin oposición podrá ser hasta de 48 horas sobre la base de 5 a 6 días laborables, incluyendo por lo tanto el sábado entre los posibles días laborables y cuyo inciso 3, después de enumerar los días que se considerarán feriados, incluyendo aquellos otros que mediante proclama del Gobernador de Puerto Rico sean declarados días de fiesta, dispone: "si cualquiera de los días feriados arriba mencionados *cayere en domingo*" (declarado día de asueto por la sec. 28 de la propia Ley núm. 345 de 12 de mayo de 1947 según enmendada por la Ley núm. 23 de 7 de junio de 1948) la

festividad del mismo será observada el día siguiente, lo cual demuestra que el sábado queda excluído entre los días feriados o de asueto.

Siendo esto así, no tenemos más remedio que concluir, que aunque el Gobernador de Puerto Rico, en su Boletín Administrativo de 15 de diciembre de 1952, no tuviera facultad para declarar el sábado 20 de diciembre de 1952 día hábil, dicho día resultaba hábil dentro de las disposiciones legales vigentes al 20 de diciembre de 1952. Admitimos que nuestras anteriores decisiones de *Buscaglia* v. *Tribunal de Contribuciones*, 67 D.P.R. 28 (*Travieso*), (1947), cita precisa a la pág. 29, y *Sosa* v. *Tribunal de Distrito*, 70 D.P.R. 62 (*Snyder*), (1949), cita precisa a la pág. 64, que partieron del supuesto que la Regla XLIX de Servicio Civil era aplicable a la rama judicial, cuando dicha regla nunca fué aplicable a nuestra rama, ha podido crear cierta confusión en cuanto a la inhabilidad del día sábado. Aunque esa fuera y sea la práctica, en ausencia de una disposición estatutaria clara y precisa, no se puede declarar inhábil un día que tanto nuestra legislación político administrativa como nuestras propias Reglas de Enjuiciamiento Civil han declarado día hábil. Menos aún se podría tomar conocimiento judicial de una práctica cuando el término envuelto es un término fatal, que no depende de la discreción judicial acortarlo o extenderlo. La discreción judicial nunca puede invocarse para dejar sin efecto un término judicial en el cual se hace descansar la jurisdicción de un tribunal.

Debe confirmarse la sentencia apelada.